(145 P.3d 928)
No. 93,788

ANDREA I. ABASOLO, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed November 9, 2006.

*Sandra Carr*, of Topeka, for appellant.

*Jeffrey E. Evans*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before MARQUARDT, P.J., MALONE and CAPLINGER, JJ.

MARQUARDT, J.: Andrea I. Abasolo appeals from the denial of her K.S.A. 60-1507 motion. We dismiss in part, vacate the sentence, and remand with directions.

In June 2002, Abasolo was charged with five counts of sale of cocaine, four counts of no tax stamp, and one count of delivery of a simulated controlled substance. Abasolo pled guilty as charged in exchange for the State recommending that the trial court impose the high number in the appropriate grid box, run Counts 1 and 5 consecutive to each other, and have the remaining counts run concurrent. Abasolo was free to request a departure sentence.

Abasolo filed motions for durational and dispositional departures. The dispositional departure was granted and Abasolo was

placed on probation with an underlying controlling sentence of 52 months' imprisonment. Abasolo was told that if she violated the terms of her probation in any way, her probation would be revoked.

On January 13, 2003, the State alleged that Abasolo had violated the terms of her probation by committing larceny. The trial court held a hearing to determine whether Abasolo's probation should be revoked. Abasolo waived her right to an evidentiary proceeding and admitted the violation. After listening to arguments from counsel, the trial court stated, "I'm going to revoke the probation previously granted and order her to serve her sentence in this case." The trial court then continued, "So, I'm going to order her to serve her sentence. It is 36 months, minus 15 percent for good time credit." However, the journal entry later showed Abasolo's controlling sentence to be 52 months.

Abasolo filed a 60-1507 motion, claiming that she did not realize her sentence was 52 months until she arrived at the correctional facility. By that time, her 10 days for filing a direct appeal had expired. Abasolo claimed a discrepancy in the length of her sentence, ineffective assistance of counsel, and that she was an unmedicated manic depressive with bipolar disorder.

The trial court held a hearing with only brief statements from counsel, and concluded that Abasolo was not entitled to relief on most of the issues raised in her motion, but was entitled to a further proceeding on the issue of the true length of her prison sentence. The matter was sent back to the judge who handled Abasolo's initial sentencing.

At the second hearing, Abasolo again argued that she was ordered to serve a 36-month sentence. The trial court found that it had made an error at the revocation hearing, and had meant to impose the original 52-month sentence. The trial judge explained that he looked at the first page of the journal entry and saw the 36-month figure and neglected to read the entire document to find the actual controlling sentence. The trial court refused to grant Abasolo's request for relief. Abasolo timely appeals.

*Sentence*

Abasolo argues that her sentence became final when pronounced from the bench. She notes that K.S.A. 2005 Supp. 22-

3716(b) allows the trial court to impose a lesser sentence upon the revocation of probation without officially modifying the original sentence. Abasolo contends the trial court's modification of the sentence to 36 months was unambiguous, resulting in a final, controlling sentence that is not subject to modification.

Interpretation of a sentencing statute is a question of law and the appellate court's standard of review is unlimited. *State v. Walker*, 280 Kan. 513, 515, 124 P.3d 39 (2005).

Initially, we note that Abasolo is correct that the trial court had the authority to modify her sentence when revoking probation. K.S.A. 2005 Supp. 22-3716(b) reads, in relevant part:

"Except as otherwise provided, if the violation is established, the court may continue or revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and may require the defendant to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

Our appellate courts have interpreted this language to mean exactly what it says; upon revocation of probation, the sentencing court may impose the underlying sentence or any lesser sentence. See *State v. Hall*, 30 Kan. App. 2d 669, 670, 46 P.3d 561 (2002).

Given the fact that the trial court could have altered Abasolo's sentence, we must now determine whether the sentence could be changed once it was pronounced from the bench at the revocation hearing.

A sentence is effective when pronounced from the bench and does not derive its effectiveness from the journal entry. *Love v. State*, 280 Kan. 553, 560, 124 P.3d 32 (2005). A journal entry which imposes a sentence at variance with that pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed. *State v. Branning*, 271 Kan. 877, 887, 26 P.3d 673 (2001).

The State acknowledges this general rule but claims it does not contemplate sentencing at a probation revocation where there is an underlying original sentence. This seems to be a distinction without a difference. The State also contends there is an ambiguity in the probation revocation transcript. We do not believe that is

the case. The trial court twice stated it was going to require Abasolo to "serve her sentence in this case." Nowhere did the trial court refer to Abasolo's "original sentence." Thus, all we are left with is the pronouncement from the bench that Abasolo must serve a 36-month prison term.

The trial court was in error when it refused to grant Abasolo's request for relief and affirmed the 52-month sentence. We vacate Abasolo's 52-month sentence and remand the case to the trial court with directions to enter a 36-month sentence.

*Ineffective Assistance of Counsel*

Abasolo claims that her attorney failed to inform her of her potential sentence and therefore, her plea was not knowing and voluntary. Abasolo also claims that if trial counsel knew about her bipolar diagnosis, the issue could have been raised as a mitigating factor at sentencing. Abasolo contends that counsel's failure to obtain a mental health evaluation was unreasonable. She asks this court to remand the case for an evidentiary hearing on the issue of ineffective assistance of counsel.

At the hearing on Abasolo's 60-1507 motion, when it was suggested that the sentencing issue be addressed at a second hearing, defense counsel stated, "That's the only issue we're proceeding on anyway." Abasolo's issue of ineffective assistance of counsel was not properly preserved for appeal, and this court will not consider issues not raised before the trial court. See *Board of Lincoln County Comm'rs v. Nielander*, 275 Kan. 257, 268, 62 P.3d 247 (2003). This issue is dismissed.

We reverse the trial court on the sentencing issue, vacate the trial court's imposition of a 52-month sentence, and remand the case to the trial court with directions to enter a 36-month sentence. Abasolo's issue of ineffective assistance of counsel is dismissed.