No. 93,788

ANDREA I. ABASOLO, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(160 P.3d 471)

Opinion filed June 22, 2007.

*Sandra Carr*, of Topeka, was on the brief for appellant.

*Jeffrey E. Evans*, assistant district attorney, and *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This is a case brought under K.S.A. 60-1507. Andrea Abasolo pled guilty to several drug-related charges. Abasolo was sentenced to a controlling sentence of 52 months' imprisonment, but the district court granted a departure sentence, placing her on probation. At a probation violation hearing, the district court revoked Abasolo's probation and announced that her sentence was

36 months' imprisonment. However, the journal entry from the probation violation hearing stated that Abasolo's sentence was for a term of 52 months.

Abasolo filed a motion under K.S.A. 60-1507 to correct the journal entry to reflect the sentence pronounced at the probation violation hearing. The district court denied Abasolo's motion, stating that it had never intended to reduce Abasolo's sentence at the hearing. The Court of Appeals reversed without oral argument, finding that the district court had the authority to impose a reduced sentence at the probation violation hearing and that a pronouncement from the bench of a sentence controls when it is at variance with the journal entry. *Abasolo v. State*, 36 Kan. App. 2d 802, 805, 145 P.3d 928 (2006). We affirm.

*Facts*

In 2002, Andrea Abasolo pled guilty to four counts of sale of cocaine, three counts of no tax stamp, and one count of delivery of a simulated controlled substance. The plea agreement provided the following language:

"Contingent upon a successful plea of guilty as charged, the State will recommend that the Court impose the high number in the appropriate Sentencing Guidelines Grid Box for each count and run counts 1 and 5 [both for sale of cocaine] consecutive and the remaining counts concurrent. The State will further not oppose Defendant's request for border box findings so long as Defendant has obtained a drug and alcohol evaluation prior to sentencing and can provide a basis for such findings. The Defendant is free to argue for alternative disposition."

The district court sentenced Abasolo to 52 months' imprisonment but granted a downward durational departure to 18 months' probation. This 52-month period was determined by the sentences for Counts 1 and 5, which were 36 and 16 months respectively, running consecutively; the sentences for the remaining counts ran concurrently according to the plea agreement.

Less than a month after the court granted her probation, Abasolo violated the terms of that probation by committing the offense of larceny. At the probation violation hearing, Abasolo stipulated that she had violated the terms of probation; however, Abasolo requested that the court place her in a residential community cor-

rections facility rather than sentence her to prison. Upon hearing argument from both parties, the district judge revoked Abasolo's probation and sentenced her to a term of imprisonment, stating:

"I'm going to revoke the probation previously granted and order her [Abasolo] to serve her sentence in this case. Because it was a departure sentence, I had to make special findings to give her a chance; and she showed how amenable she was to probation by going on out and stealing almost immediately after being placed on probation.

. . . .

"*So, I'm going to order her to serve her sentence. It is 36 months, minus 15 percent for good time credit, presuming she earns that while in custody.*

"She will also receive credit for any time she's previously been in custody in this case.

"Since this is a presumptive imprisonment case, she will have post-release supervision." (Emphasis added.)

Despite the court's statement during the revocation hearing that Abasolo was sentenced to "36 months, minus 15 percent for good time credit," the journal entry for the probation violation hearing showed that Abasolo was sentenced to her original controlling sentence of 52 months.

Abasolo claims that she "did not know that the sentence was for 52 months until [she] got to Topeka Correctional Facility." Because the time for filing a direct appeal had passed, Abasolo filed a motion under K.S.A. 60-1507, alleging that the journal entry did not reflect her correct sentence. She also brought claims for ineffective assistance of counsel, alleging that her defense counsel misinformed her regarding the plea agreement and also alleging that she was an unmedicated manic depressant.

A preliminary hearing on Abasolo's K.S.A. 60-1507 motion was held on October 15, 2004, with Judge Richard Ballinger presiding. Judge Ballinger dismissed Abasolo's claims for ineffective assistance of counsel but determined that the sentencing issue warranted review by the original sentencing judge, Judge Clark V. Owens II.

On November 24, 2004, an additional hearing was conducted by Judge Owens with regard to the sentencing issue. After hearing argument from the parties, the court noted that it "[knew] exactly what happened in this case." The court stated that it had made a

mistake at the probation violation hearing by only looking at the journal entry with regard to Count I (which carried a term of 36 months' imprisonment) and not reading from the cumulative total on the last page of the journal entry. The judge explained that he "didn't make any comment about this being a motion to modify, that I was modifying the sentence, that I was reducing the sentence." Under this reasoning, the judge denied Abasolo's K.S.A. 60-1507 motion, stating:

"So the Court's going to make a finding at this time that I misstated myself at the probation violation hearing, that by saying 36 months I had no intent to reduce the sentence, I was only intending to impose the sentence that was originally ordered at the sentence hearing, which in fact is a 52-month sentence, and that I just misread what the amount of that controlling sentence was. So that actual controlling sentence in this case is 52 months. I misstated myself. The journal entry should be correctly showing 52 months in this case."

Because the district court found that it was clear that the court had not intended to modify Abasolo's sentence during the probation violation hearing, the court denied Abasolo's request for an order nunc pro tunc correcting the "Journal Entry of Probation Violation Hearing" to show a controlling sentence of 36 months.

Abasolo appealed from both rulings claiming that the district court erred by failing to correct the journal entry to show a sentence of 36 months and by dismissing her claims for ineffective assistance of counsel. The Court of Appeals dismissed Abasolo's argument for ineffective assistance of counsel, stating that Abasolo had not properly preserved that issue for appeal. *Abasolo v. State*, 36 Kan. App. 2d at 805. However, the court reversed on the sentencing issue. 36 Kan. App. 2d at 805. In particular, the Court of Appeals found that K.S.A. 2006 Supp. 22-3716(b) granted a court the authority to modify a sentence at a probation violation hearing. 36 Kan. App. 2d at 804. Because "[a] sentence is effective when pronounced from the bench and does not derive its effectiveness from the journal entry," the court held that the 36-month sentence controlled and the trial court erred when it refused Abasolo's 60-1507 request. 36 Kan. App. 2d at 804 (citing *Love v. State*, 280 Kan. 553, 560, 124 P.3d 32 [2005]).

The State petitioned this court for review of the Court of Appeals' reversal of the sentencing question, asserting that the Court of Appeals' decision below was contrary to a previous opinion by that court in *State v. Winters*, 25 Kan. App. 2d 386, 966 P.2d 678, *rev. denied* 266 Kan. 1116 (1998). This court granted the State's petition for review in order to resolve the conflict between these two decisions.

*Standard of Review*

Resolution of this case turns on this court's interpretation of K.S.A. 2006 Supp. 22-3716(b), which governs a court's sentencing powers during a probation revocation hearing. Interpretation of a sentencing statute is a question of law, and the appellate court's standard of review is unlimited. *State v. Walker*, 280 Kan. 513, 515, 124 P.3d 39 (2005).

" 'The general rule is that a criminal statute must be strictly construed in favor of the accused, which simply means that words are given their ordinary meaning. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. This rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent.' . . . [Citation omitted.]" *State v. McCurry*, 279 Kan. 118, 121, 105 P.3d 1247 (2005).

*Analysis*

In felony cases, the defendant must be personally present at all stages in the proceedings against him or her, including at the time of sentencing. K.S.A. 2006 Supp. 22-3405(1). A record of the judgment rendered or the sentence imposed must be made upon the journal of the court, and it is the court's statutory duty to personally examine and sign the journal entry. K.S.A. 2006 Supp. 22-3426(a) and (e). The journal entry "is thus a record of the sentence imposed; but the actual sentencing occurs when the defendant appears in open court and the judge orally states the terms of the sentence." *State v. Moses*, 227 Kan. 400, 402, 607 P.2d 477 (1980). "Once a sentence is imposed, the district court is powerless to vacate that sentence and impose a harsher sentence." *State v. Royse*, 252 Kan. 394, Syl. ¶ 4, 845 P.2d 44 (1993).

For this reason, a criminal sentence is effective when pronounced from the bench; it does not derive its effectiveness from the journal entry. *Love v. State*, 280 Kan. 553, 560, 124 P.3d 32 (2005). As we explained in *Moses*:

"When the defendant appears for sentencing in a criminal case, the court may commit the defendant to the custody of the appropriate authority, impose a fine, grant probation, suspend the imposition of sentence, or impose any combination of those alternatives. [Citation omitted.] Regardless of which of the alternatives the court selects, the judgment is effective upon its pronouncement from the bench; the filing of a formal journal entry is but a record, evidence of what has been done. *The court's order does not derive its effectiveness from the journal entry, or from any act of the clerk; it is effective when announced. The defendant is personally present, and thus knows that at that moment he or she has been sentenced, fined, or placed on probation, or that the imposition of sentence has been suspended.*" (Emphasis added.) *Moses*, 227 Kan. at 402-03.

This court has further explained that where the sentence announced from the bench differs from the sentence later described in the journal entry, the orally pronounced sentence controls. In *State v. Hegwood*, 256 Kan. 901, 888 P.2d 856 (1995), the defendant was convicted of five counts of aggravated robbery. The court at sentencing pronounced the defendant's sentence to be 45 years to life (three consecutive 15-to-life sentences), but the journal entry showed a controlling sentence of 60 years to life (four consecutive 15-to-life sentences). The State argued that the court intended to impose four consecutive 15-to-life sentences, as the journal entry reflected. We held that the pronouncement from the bench controlled, regardless of the sentencing court's intent:

"Clearly, the court pronounced a sentence that gives a controlling 45-year-to-life sentence. *What the court may or may not have intended is irrelevant. The sentences as pronounced were effective upon their pronouncement and control over the journal entries herein.* A journal entry which imposes a sentence at variance with that pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed. The case must, therefore, be remanded to the district court for journal entry correction to conform to the sentences pronounced." (Emphasis added.) *Hegwood*, 256 Kan. at 906.

Similarly, in *State v. Branning*, 271 Kan. 877, 887, 26 P.3d 673 (2001), the sentencing court "imposed a 73-month sentence" for the defendant's aggravated robbery charge, but the journal entry

stated that the defendant was sentenced to 77 months for the crime. Quoting *Hegwood*, 256 Kan. at 906, we found that the pronouncement from the bench controlled in sentencing cases when there was a difference between the pronouncement and the journal entry. 271 Kan. at 887.

In the present case, the State acknowledges this rule from our previous case law but claims that it is inapplicable here, where a 52-month sentence had already been imposed at the original sentencing hearing and the statement in question took place at a probation violation hearing. While the State recognizes that a district court has the authority to modify a defendant's sentence during a probation violation hearing, it states that no such modification took place here.

Abasolo counters that the imposition of a reduced sentence at the time of a probation violation hearing is a "simple act of discretion" that does not require explanation or reasons set forth in the record.

K.S.A. 2006 Supp. 22-3716(b), which sets forth the procedure to be followed in a probation violation hearing, states:

"Except as otherwise provided, if the violation is established, the court may continue or revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and *may require the defendant to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.*" (Emphasis added.)

The statute does not impose any additional restrictions on the district court's discretion as to the sentence that may be imposed at the time of the probation violation hearing. Neither have Kansas courts interpreted the statute in such a way that would require the district court to make explicit findings on the record for the reasons for imposing a reduced sentence. In *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001), this court explicitly stated that "[u]nder the plain language of K.S.A. 2000 Supp. 22-3716(b), the district court, upon revoking probation, may impose a lesser sentence." See also *State v. Hall*, 30 Kan. App. 2d 669, 670-71, 46 P.3d 561 (2002) (holding that *McGill* does not "limit the district court's discretion to imposition of a presumptive guidelines sentence").

Moreover, we note that the imposition of the reduced sentence of 36 months' imprisonment would not require the district court to provide reasons on the record for the sentence under the sentencing statutes, as this sentence does not constitute a departure under the guidelines. Accord K.S.A. 2006 Supp. 21-4705(c)(1) ("The sentencing court has discretion to sentence at any place within the sentencing range."); K.S.A. 2006 Supp. 21-4716(a) ("*If the sentencing judge departs from the presumptive sentence*, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure." [Emphasis added.]).

The high number under the grid for the presumed sentence for Count 1 against Abasolo (sale of cocaine) was 36 months, and all other charges to which she pled guilty carried shorter sentences. Thus, the practical effect of the court's pronouncement at the probation violation hearing was that all sentences would run concurrently against one another, with the longest sentence (36 months) controlling. This outcome is fully in keeping with the sentencing guidelines and with K.S.A. 21-4608(a), which states that "[w]hen separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, . . . such sentences shall run concurrently or consecutively as the court directs. Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently."

We hold that the district court had authority under K.S.A. 2006 Supp. 22-3716(b) to impose a 36-month sentence against Abasolo, despite the fact that her original sentence was for 52 months' imprisonment. Neither the statutes nor the case law require a court during a probation violation hearing to set forth reasons for imposing a reduced sentence that does not depart from the presumed sentence under the sentencing guidelines for the crime or crimes committed. Furthermore, because criminal statutes must be strictly construed in favor of the accused, in the absence of specific language to the contrary, we find that appellate courts should not interpret statutes to create additional restrictions on the district

court's ability to impose a reduced sentence when otherwise permitted by the statutory language. See *McCurry*, 279 Kan. at 121.

The State next argues that even if the district court had authority to impose a reduced sentence during Abasolo's probation violation hearing, the court's statements during that hearing create ambiguity as to the sentence imposed that must be resolved in light of the entire record. According to the State, the court's two statements during the revocation hearing that it was going to "order [Abasolo] to serve her sentence" indicated that the court was ordering Abasolo to serve her original sentence. Thus, the State asserts that by stating that it was "going to order her to serve her sentence"—"36 months, minus 15 percent for good time credit,"— the court was essentially stating that it was "going to order her to serve her [original 52-month] sentence. It is 36 months," creating an ambiguity as to the court's meaning.

When the State raised its argument regarding the alleged ambiguities at the K.S.A. 60-1507 hearing, it relied upon *State v. Palmer*, No. 89,403, an unpublished opinion of the Court of Appeals filed August 22, 2003, *rev. denied* 276 Kan. 973 (2003). In that case, the defendant moved to modify his sentence, citing a discrepancy between the sentencing hearing transcript and the journal entry. At sentencing, the judge made the following statement:

" 'The primary offense is count number one and on count number one I'll impose a sentence of one hundred ninety-two months. Count number two I'll impose a sentence of fifty-one months to run consecutive to count number one. *Count number three I'll impose a sentence of fifty-one months to run concurrent to count number two.* Deny motion for departure. *Deny motion that counts run concurrent.* I concur that Mr. Palmer is dangerous to young women and that he will offend again if he ever gets out, no matter what his age is.' " (Emphasis added.) Slip op. at 2-3.

The journal entry, however, showed that all three counts ran consecutively.

The defendant argued in his motion to modify that the court's statements in the transcript, not the journal entry, should control his sentence. The trial court denied the motion, finding that the court reporter made a typographical error and ordered the transcript to be corrected. The Court of Appeals affirmed, citing

*U.P.R.W. Co. v. Horney*, 5 Kan. *340, Syl. ¶ 1 (1870), and stating that the italicized language above created an ambiguity in the transcript that should be resolved to harmonize the record as a whole. Because "the court reporter, the defense counsel, the judge's administrative assistant, and the prosecutor all testified that their notes indicated that the sentences were to run consecutively," the Court of Appeals held that the trial court's findings were supported by substantial competent evidence. Slip op. at 3-4.

Unlike the case in *Palmer*, the transcript here is unambiguous. The trial court explicitly stated that it was "going to order [Abasolo] to serve her sentence. It is 36 months, minus 15 percent for good time credit." This statement is completely clear. The State's alleged "ambiguity" arrives from the court's later statements at the 60-1507 hearing that it intended to impose Abasolo's original sentence. However, at no point during the probation violation hearing did the court state that it was imposing Abasolo's "original" sentence— it only stated that it was revoking her probation and requiring her to serve "her" sentence, which was 36 months' imprisonment. The only interpretation supported by the transcript, without the extrinsic "ambiguity" now introduced by the State, is that Abasolo was sentenced to 36 months' imprisonment.

At the K.S.A. 60-1507 hearing in November 2004, the district court recognized that it had not stated that it was imposing Abasolo's original sentence when it revoked her probation, but it nevertheless held that the 52-month sentence controlled since that is what it meant to impose at that time. We explicitly rejected such a justification in *Hegwood*, where we stated that "[w]hat the court may or may not have intended is *irrelevant*. The sentences as pronounced were effective upon their pronouncement and control over the journal entries herein." (Emphasis added.) 256 Kan. at 906. We explained in *Moses* that this rule protects the defendant's rights, as "[t]he defendant is personally present [when the sentence is imposed], and thus knows that *at that moment* he or she has been sentenced, fined, or placed on probation, or that the imposition of sentence has been suspended." (Emphasis added.) 227 Kan. at 402-03. The rule therefore protects defendants against the situation that occurred in this case, where Abasolo did not know

she was sentenced to 52 months' imprisonment until after she arrived at the correctional facility.

For the first time in its petition for review, the State argues that this court should reverse the Court of Appeals' opinion below, because that opinion is in direct conflict with a previous opinion of the Court of Appeals in *Winters*, 25 Kan. App. 2d 386. Winters pled guilty to one count of burglary and one count of criminal damage to property. He was originally sentenced to 21 months' imprisonment for the burglary charge and 10 months' imprisonment for the criminal damage charge, to run consecutively; the trial court then placed Winters on 24 months' supervised probation.

Some time later, Winters violated the terms of his probation by committing two new felonies. The district court revoked his probation and ordered him to a sentence of imprisonment. 25 Kan. App. 2d at 387. Although the main issue in *Winters* dealt with whether the defendant should receive credit for jail time ordered as a condition of probation, the court also briefly addressed whether statements of the trial court during the probation violation hearing reduced the defendant's sentence for the burglary charge:

"Winters next contends that the trial court's statements during the hearing on October 11, 1996, modified his previous sentence in 95CR41 from 21 months to a sentence of 10 months. On October 13, 1995, the district court sentenced Winters to 21 months on the burglary charge in 95CR41 and 10 months on the criminal damage to property charge in 95CR83. During the hearing held October 11, 1996, the district court again revoked Winters' probation in 95CR41 and 95CR83 and ordered him to serve his sentences in those cases. The district court also sentenced Winters in 96CR316. At that time, while reciting the sentences in 95CR41 and 95CR83, the district court incorrectly stated that the sentence in 95CR41 was 10 months. Winters asserts that the district court's statement changed his sentence in 95CR41 from 21 months to 10 months.

"This argument is without merit. The judgment in a criminal case is effective upon its pronouncement. *State v. Royse*, 252 Kan. 394, 397, 845 P.2d 44 (1993). Winters' sentence in 95CR41 was pronounced on October 13, 1995, and was effective thereafter. *It is clear from the context of the proceedings held on October 11, 1996, that the district court simply misspoke and was not attempting to vacate the 21-month sentence to replace it with a shorter sentence outside the appropriate sentencing range.*" (Emphasis added.) *Winters*, 25 Kan. App. 2d at 391-92.

The State contends that *Winters* supports its argument that the court's unintentional misstatement at the probation violation hearing should not be interpreted to reduce Abasolo's sentence from 52 to 36 months' imprisonment. The *Winters* decision is undoubtedly at odds with the Court of Appeals' opinion in this case. However, we find that *Winters* incorrectly applied the law relating to the effect of the court's statements during the revocation hearing.

We note that the Court of Appeals issued its opinion in *Winters* before our decision in *McGill*, where we clarified that a court may impose a reduced sentence at a probation violation hearing. See 271 Kan. at 154. However, the controlling language in K.S.A. 22-3716 was in effect at the time *Winters* was decided. The *Winters* court failed to cite the statute in its opinion and failed to recognize its import in the discussion of whether the court had authority to impose a reduced sentence during the probation violation hearing. Moreover, we find that the discussion in *Winters* is directly contrary to the numerous holdings of this court discussed previously, which find that a sentence is effective once it is announced from the bench, regardless of the court's intent at the time of pronouncement. See *Branning*, 271 Kan. at 887; *Hegwood*, 256 Kan. at 906; *Moses*, 227 Kan. at 402-03. We therefore disapprove of the holding in *Winters*, 25 Kan. App. 2d 386.

The district court had authority to impose a reduced sentence at Abasolo's probation violation hearing pursuant to K.S.A. 2006 Supp. 22-3716(b) and this court's decision in *McGill*, 271 Kan. at 154. The court clearly stated at the probation violation hearing that Abasolo's sentence was 36 months' imprisonment, minus 15 percent for good time credit. A sentence is effective upon pronouncement from the bench, regardless of the court's intent at the time the sentence is pronounced. We hold that the district court erred when it denied Abasolo's request to correct the journal entry for the probation revocation hearing to reflect that her sentence was for 36 months, and the Court of Appeals correctly found that the district court's holding should be reversed.

Affirmed.

JOHNSON, J., not participating.
LARSON, S.J., assigned.