Johnson, J., dissenting:
I disagree with the outcome and rationales of my majority and concurring colleagues. In my view, a judge pronouncing sentence after probation revocation inevitably sentences anew. Once the new sentence is pronounced, any illegality in the original sentence no longer exists, and it is not subject to later challenge or correction under K.S.A. 22-3504.
This conclusion is entirely consistent with our earlier decision in State v. McKnight , 292 Kan. 776, 257 P.3d 339 (2011). I do not regard the facts of this case as meaningfully distinct from those before this court in that case. There, we disregarded a district judge's legal error and ruled that it could not form the basis for a later correction by the State.
Moreover, it is important to observe that our decision in McKnight was bookended-and remains bolstered-by two other opinions, Abasolo v. State , 284 Kan. 299, 305, 160 P.3d 471 (2007), and State v. Ardry , 295 Kan. 733, 736-37, 286 P.3d 207 (2012), both of which reinforced broad application of the plain "any lesser sentence" language in K.S.A. 22-3716(b).
Abasolo rejected an argument that a district judge must make explicit findings on the record to explain any reduced sentence imposed as a result of a probation violation, and it invoked long-familiar principles that criminal statutes must be strictly construed in favor of the accused and that sentences are effective once announced from the bench, regardless of the judge's intention at the time of pronouncement. 284 Kan. at 305-06, 310, 160 P.3d 471 (relying in large part on State v. McGill , 271 Kan. 150, 154, 22 P.3d 597 [2001] ) (plain "any lesser sentence" language imposes sole restriction on district judge's discretion in sentencing after revocation).
Ardry , for its part, involved a postrevocation sentencing in which the judge mistakenly believed that he could not impose a lesser sentence unless the defendant demonstrated the existence of mitigation beyond any that had been advanced in support of a departure at the original sentencing. Relying on McKnight , we said:
"Because a district court may impose a lesser sentence without stating a reason or even by mistake, a district court certainly does not need new or different mitigating factors in order to impose a lesser sentence. Although a district court has broad latitude in exercising its discretion, that discretion is abused when the court renders a decision that fails to consider proper statutory limitations or legal standards .... In this case, the district court stated that statutory restrictions limited its authority to impose a lesser sentence. This was an incorrect legal standard and constituted an abuse of discretion." 295 Kan. at 736, 286 P.3d 207.
In short, in Ardry , the case had to be remanded for a new sentencing hearing because the judge had failed to recognize how much freedom the phrase "any lesser sentence" granted him.
In this case, the district judge may have subjectively intended the postrevocation disposition to match Sandoval's original sentence. But our precedent establishes that such a subjective intention does not matter, as long as what the judge ultimately pronounces conforms to the "any lesser sentence" language in K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii). Here, although the judge did not appreciate at the time of revocation that the original sentence should have included a lifetime postrelease supervision term instead of a 24-month one, when he refused to modify that term, he effectively reduced it. Such a reduction was legal and could not be modified through a motion to correct under K.S.A. 22-3504(1).
I close my discussion with one final point: Like the majority and concurring justices, I too rely on interpretation of plain language to arrive at a resolution of this case and thus do not need to resort to statutory construction. Had I needed to, however, the Legislature's seven-year silence in the face of our 2011 decision in McKnight should muffle any cognitive dissonance caused by allowing a *372 defendant who has failed to abide by probation conditions to slip away from a mandatory lifetime postrelease supervision period while a like defendant who never violated probation would remain tethered. If the dissonance is a sign of a real policy problem, it must be solved by the Legislature, not this court. "[O]nly the legislature may decide whether the statutory sentencing scheme contains inequitable inconsistencies." Ardry , 295 Kan. at 737, 286 P.3d 207.
Because I would grant Sandoval relief on the first challenge raised in his petition for review, I need not discuss his second challenge.
I would vacate the lifetime postrelease supervision component of Sandoval's sentence and remand the case to the district court for filing of a journal entry modifying the sentence to substitute a term of 24 months of postrelease supervision for the lifetime term.
Rosen, J., joins the foregoing dissenting opinion.