NOT DESIGNATED FOR PUBLICATION

Nos. 121,028
121,029
121,030

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

APRIL GENE BLASINGAME,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Opinion filed March 13, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., HILL AND LEBEN, JJ.

PER CURIAM: April Blasingame appeals the district court's decision to revoke her probation and send her to prison after she violated her probation. She argues that because her underlying problems were related to drug addiction, the court should have given her another chance on probation so that she could receive treatment. By sending her to prison instead, Blasingame argues, the district court abused its discretion.

Traditionally, the district court has had broad discretion in deciding whether to revoke probation and impose the underlying sentence when a defendant violates probation. See *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2010). The probation-

violation statute that governed when the court revoked Blasingame's probation limited that discretion so that, in most situations, the court had to impose intermediate sanctions—first a 2-day or 3-day jail sanction, then a 120-day or 180-day prison sanction—before it revoked a defendant's probation. K.S.A. 2018 Supp. 22-3716(c)(1)(A)-(E). But there was an exception if the defendant had committed a new crime; in that case, the court could revoke probation without first imposing any intermediate sanction. K.S.A. 2018 Supp. 22-3716(c)(8)(A).

That exception applied in Blasingame's case. While she was on probation for three felony offenses (identity theft and two counts of methamphetamine possession), Blasingame failed to complete court-ordered drug treatment. The court didn't impose an intermediate sanction; instead it imposed a 34-day jail sanction under a different subsection of the statute. See K.S.A. 2018 Supp. 22-3716(c)(11). Then while still on probation, Blasingame committed the new crime of misdemeanor theft. The State sought to revoke her probation and, although Blasingame asked for another chance at drug treatment, the district court revoked her probation and imposed the underlying 34-month prison sentence.

The court abuses its discretion only when its decision is based on a factual or legal error or when no reasonable person would agree with the decision. *State v. McCullough*, 293 Kan. 970, 980-81, 270 P.3d 1142 (2012). Blasingame hasn't suggested a factual or legal error, and we conclude that a reasonable person could agree with the district court's decision. As the district court noted, Blasingame had tried drug treatment before and been discharged after just five days. Then a month after serving her jail sanction, Blasingame was arrested for theft. Those facts provide a reasonable basis for the district court's decision to revoke probation and impose the underlying sentence.

Before closing, we note one inconsistency in the record before this court. The journal entry of Blasingame's probation-revocation hearing contains a preprinted finding,

with a blank checkmark box to be checked if applicable, that reads: "Court revoked because defendant absconded or committed new crime. (K.S.A. 22-3716(c)(8))—state reasons in box #3." The district court didn't check that box.

But the court said in its oral ruling at the revocation hearing that it was revoking Blasingame's probation because of her new conviction:

> "And then while she was on probation, she's arrested and convicted with regard to events of 23 December of 2018, where she violated the law in Pottawatomie County.
> "Based on that, I'm going to find that the appropriate disposition in this case is to impose the original sentences . . . ."

We note that a criminal sentence is effective when it's pronounced from the bench; if the sentence announced differs from what is recorded later in a written journal entry, the sentence orally announced is the official sentence. *Abasolo v. State,* 284 Kan. 299, 304, 160 P.3d 471 (2007). And court's oral ruling here was clear: the court revoked her probation because she had committed a new crime while on probation, and the court then imposed her prison sentence.

On Blasingame's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Blasingame's probation.

We affirm the district court's judgment.

3