NOT DESIGNATED FOR PUBLICATION

No. 120,718

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL TODD LAWRENCE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY GETTLER, judge. Opinion filed July 24, 2020. Affirmed in part, reversed in part, sentence vacated, and case remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

PER CURIAM: Michael Lawrence contends the district court had to make particularized public-safety or offender-welfare findings from the bench if the court wanted to bypass the intermediate sanctions required by K.S.A. 2018 Supp. 22-3716(c)(9)(A) when it revoked his probation. While making some general findings, the court sent Lawrence to prison rather than impose lesser sanctions. But because the court invoked the new crime exception under K.S.A. 2018 Supp. 22-3716(c)(8)(A) on its journal entry of the probation violation hearing, we affirm.

1

*Case History*

Lawrence pled no contest to distribution of marijuana, a severity level 4 drug felony, and possession of drug paraphernalia with intent to distribute, a severity level 5 drug felony. The court found Lawrence's criminal history score to be C based on a prior conviction for possession of a hallucinogenic drug under K.S.A. 2016 Supp. 21-5706. The court sentenced Lawrence to a total prison sentence of 54 months but granted probation for 18 months. A condition of Lawrence's probation was that he refrain from violating the law.

Then, later in 2018, the State sought to revoke Lawrence's probation based on several technical violations and a new conviction for possession of marijuana. The court accepted Lawrence's stipulation to several of the probation violations, including the new conviction for possession of marijuana. At the disposition hearing, Lawrence asked the court to impose a sanction and allow him to continue on probation. Lawrence testified on his own behalf. The State asked the court to send Lawrence to prison. The State called two of Lawrence's probation officers to testify. Lawrence provided a urine sample and it tested positive for cannabinoid and cocaine. The test results did not favorably impress the court.

From the bench, the court then imposed Lawrence's prison sentence. The court stated that it was close to reinstating probation, but the "nail in the coffin" was the positive UA. The court found that Lawrence had not taken treatment and probation seriously. The court told Lawrence that "I wouldn't say that you haven't done anything, but you haven't done enough to convince me that if I give you another opportunity that you're going to be successful on probation." The State requested a specific finding that "he's not amenable to probation." The court replied that it would make that finding based on the testimony and the UA result. "It's clear to me that Mr. Lawrence is not amenable to

probation despite the multiple opportunities he's been given. I don't think that he would be successful in the future."

From the bench the court did not directly invoke any of the statutory reasons to bypass intermediate sanctions under K.S.A. 2018 Supp. 22-3716(c). And that is where Lawrence hangs his hat in this appeal.

*To us, Lawrence argues the court had to make particularized findings and it did not do so.*

Lawrence argues that the court invoked the public safety or public welfare exception from the bench but did not make the particularized findings required by K.S.A. 2018 Supp. 22-3716(c)(9)(A). He argues the court's invocation of the new crime exception on the journal entry was ineffective because it differed from the court's pronouncement from the bench, citing *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007), and *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012). The State responds that the rationale the district court gave from the bench did not differ from the rationale in the journal entry. And the State also argues that those cases cited by Lawrence do not mean that the rationale the district court invokes from the bench for imposing the offender's underlying sentence controls when it differs from the rationale found in the journal entry.

Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action is:

- arbitrary, fanciful, or unreasonable;
- based on an error of law; or
- based on an error of fact.

*State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Lawrence bears the burden to show an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

It is true, however, that K.S.A. 2018 Supp. 22-3716(c) limits a court's discretion in deciding how to sanction a probation violator. Under the statute, a sentencing court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. But a court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2018 Supp. 22-3716(c)(8)(A), (c)(9)(A).

The law has grown on this point. It is now well-established that the court must make public-safety and offender-welfare findings "with particularity." See *State v. Duran*, 56 Kan. App. 2d 1268, 1272-76, 445 P.3d 761 (2019). The particularity requirement is not met when the appellate court must imply the reasons why the safety of the public would be jeopardized or why the offender's welfare would not be served by an intermediate sanction. The court must give "distinct rather than general" reasons "with exactitude of detail." *State v. Clapp*, 308 Kan. 976, Syl. ¶ 4, 425 P.3d 605 (2018). The decision to revoke probation under K.S.A. 2018 Supp. 22-3716(c)(9)(A) "requires more than a generalized finding that the defendant is not amenable to probation." *Duran*, 56 Kan. App. 2d at 1275.

The issue here seems clear. Can we affirm the district court when it properly invoked the new crime exception on the journal entry, but it failed to specifically mention that exception from the bench as part of its rationale for imposing the prison sentence? Under these facts, we hold that we can.

This is not a case when the defendant's sentence or terms of probation pronounced from the bench differed from those stated in the journal entry. The court here did not state from the bench which statutory provision gave it the legal authority to impose the sentence that it did. Some of the statutory bypass provisions specifically require particularized findings from the bench, such as the public-safety and offender-welfare exceptions. But the bypass provision at issue—the new-crime exception—does not require particularized findings from the bench.

That provision states: "If the offender commits a new felony or misdemeanor while the offender is on probation, . . . the court may revoke the probation . . . without having previously imposed a sanction." K.S.A. 2018 Supp. 22-3716(c)(8)(A).

The facts are important. The record reflects that the court accepted Lawrence's stipulation to committing a new crime at the probation violation hearing. The court specifically checked the appropriate box and wrote on the journal entry that Lawrence had violated the law. And the sentence pronounced from the bench (54 months in prison) did not differ from the sentence written on the journal entry. Thus, the district court's revocation of Lawrence's probation and imposition of his underlying sentence complied with K.S.A. 2018 Supp. 22-3716(c)(8)(A). A panel of this court came to the same conclusion in *State v. Phillips*, No. 115,052, 2017 WL 262038, at *2-3 (Kan. App. 2017) (unpublished opinion).

*A criminal history question has arisen.*

Lawrence argues that the State did not meet its burden to prove his prior conviction for possession of a hallucinogenic drug was a felony offense rather than a misdemeanor, leading to an incorrect criminal history score and an illegal sentence. Lawrence's presentence investigation report showed he had a 2016 conviction for possession of a hallucinogenic drug, citing K.S.A. 21-5706. The PSI report classified this

5

prior conviction as a felony. But possession of a hallucinogenic drug is only a felony under K.S.A. 2016 Supp. 21-5706(b)(3), (c) on a second or subsequent conviction for a similar offense. And the PSI report here did not show that Lawrence had been convicted for any other drug crimes. Thus, the State did not carry its burden to prove that Lawrence's prior conviction for possession of a hallucinogenic was a felony. See *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019).

If Lawrence's prior drug conviction was a misdemeanor, that would change his criminal history score from C to D because it was the only nonperson felony listed on the PSI report. See K.S.A. 2019 Supp. 21-6805(a). According to the PSI report, Lawrence had one prior person felony, one prior nonperson felony, and one prior nonperson misdemeanor.

Both parties agree that we must vacate Lawrence's sentence and remand this issue to the district court to determine whether the State can meet its burden of proof to show the conviction was a felony and, if not, to resentence him in accordance with the correct criminal history score.

The revocation of Lawrence's probation is affirmed. We vacate his sentence and remand to the district court for a determination of Lawrence's proper criminal history score and imposition of a new sentence.

Affirmed in part, reversed in part, sentence vacated, and case remanded with directions.