NOT DESIGNATED FOR PUBLICATION

No. 121,103

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW BAYLE CLAUDE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; BLAKE A. BITTEL, judge. Opinion filed August 21, 2020. Journal entry of judgment vacated and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS and POWELL, JJ.

PER CURIAM: Defendant Andrew Bayle Claude has appealed on the grounds the journal entry of judgment shows the Ellis County District Court imposed consecutive sentences contrary to what actually happened during the sentencing hearing and incorrectly designates him as an aggravated habitual sex offender. We agree in both respects and, therefore, vacate the journal entry and remand to the district court with directions to prepare and file a corrected journal entry consistent with this opinion.

The State charged Claude with eight serious sex crimes against four minors. Through his lawyer, Claude reached an agreement with the State to enter a combination of *Alford* and no-contest pleas to one count of rape, one count of aggravated indecent

1

liberties with a child, and one count of aggravated sexual battery. The agreement called for a joint sentencing recommendation of a 155-month prison term on the rape charge, as the primary crime of conviction; a 55-month term on the aggravated indecent liberties charge; and a 31-month term on the aggravated sexual battery charge—all to be served consecutively, yielding a controlling period of incarceration of 241 months.

Claude entered pleas to those three charges in February 2019, and the district court adjudged him guilty. Consistent with the plea agreement, the State dismissed the remaining charges.

At a hearing in March 2019, the district court sentenced Claude. The district court recited sentences matching the terms of imprisonment in the plea agreement for the three convictions. But the district court never expressly stated whether those terms were to be served consecutively or concurrently. In the terminology of the law, the record is silent on that point. Nor did the district court explicitly state it was following the plea agreement in sentencing Claude. The prosecutor did not ask for any clarification during the hearing. The district court went on to impose lifetime postrelease supervision on Claude; to inform him that he would likely be subject to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq.; and to dispose of other matters common to sentencing hearings.

The district court filed a journal entry of judgment the same day as the sentencing hearing. As we have indicated, the journal entry shows the district court ordered Claude to serve the sentences on the three convictions consecutively. The journal entry also contains a check mark in a box on the standard form designating Claude as an aggravated habitual sex offender under K.S.A. 2018 Supp. 21-6626.

Claude appeals, contending the journal entry is legally improper in both respects. As to the aggravated habitual sex offender designation, the State concedes Claude did not meet the statutory definition in K.S.A. 2018 Supp. 21-6626(c)(1). The statute requires a

2

defendant to have been previously convicted of two or more statutorily defined sexually violent offenses. For a third conviction of a sexually violent crime, the defendant must then be sentenced to life in prison without parole. Claude does not have the requisite criminal history to be an aggravated habitual sex offender. The journal entry erroneously designated him to be one and must be corrected in that respect.

Turning to the treatment of the sentences for the three crimes of conviction in this case, the governing law is clear. First, a journal entry of judgment in a criminal case must conform to the sentence the district court has pronounced during the sentencing hearing. *State v. Carter*, 311 Kan. 206, 210, 459 P.3d 186 (2020) (recognizing rule); *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007). Second, a sentence is complete when the district court has pronounced the terms in open court, and the district court lacks any legal authority to change the sentence later. See *State v. Guder*, 293 Kan. 763, Syl. ¶ 2, 267 P.3d 751 (2012); *State v. Ballard*, 289 Kan. 1000, Syl. ¶ 10, 218 P.3d 432 (2009). Those rules establish that if the journal entry of judgment deviated from the sentences the district court imposed on Claude during the hearing, the journal entry must be revised. In other words, a district court cannot "correct" a sentence by altering its terms in the journal entry. See *Abasolo*, 284 Kan. 299, Syl. ¶ 3.

Finally and crucially here, K.S.A. 2018 Supp. 21-6606(a) provides: "Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently except as otherwise provided in subsections (c), (d) and (e)." The statutory directive is clear and unambiguous. If a district court does not say one way or the other, multiple sentences imposed in one case in a single hearing must be treated as concurrent. In short, the default with a silent record is to concurrent sentences. Here, everybody agrees the statutory exceptions do not apply. So the default governs.

On appeal, the State submits that the district court must have intended to follow the plea agreement, since the individual sentences it imposed matched those in the

agreement. And, in turn, the State says the record is not silent about the sentences. But district courts are not obligated to follow plea agreements. The district court did not indicate that's what it was doing, so we can't draw the inference the State would like to override the default rule in K.S.A. 2018 Supp. 21-6606(a). A district court's unarticulated intent as to a sentence doesn't count. See *State v. Royse*, 252 Kan. 394, 397-98, 845 P.2d 44 (1993) (interpreting and applying predecessor statute, K.S.A. 21-4608). And the statutory language addresses a very specific silence—the failure to articulate whether sentences should be served consecutively or concurrently. The State's argument that the district court otherwise described the sentences and, therefore, wasn't silent on the subject simply glosses over the statutory language. Moreover, the argument effectively negates K.S.A. 2018 Supp. 21-6606(a), since it would be the rare sentencing hearing in which a district court didn't say something about the sentences being imposed on the defendant.

Given the clarity of the controlling legal authority, the journal entry of judgment impermissibly described the sentences imposed on Claude as being consecutive terms of imprisonment. The district court's silence at the hearing on how the sentences should be served requires they be concurrent. The journal entry of judgment must be corrected to reflect concurrent sentences. See K.S.A. 2018 Supp. 22-3504(2) (clerical mistakes in judgments may be corrected at any time).

We, therefore, vacate the journal entry of judgment and remand to the district court with directions to enter an amended or corrected journal entry of judgment that shows the three sentences imposed on Claude to be served concurrently and removes the designation of Claude as an aggravated habitual sex offender and to take any other action necessary to and consistent with carrying out this opinion.

Journal entry of judgment vacated and case remanded with directions.

4