NOT DESIGNATED FOR PUBLICATION

No. 122,616

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOEL MENDOZA JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed March 5, 2021. Sentence vacated and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., BRUNS and POWELL, JJ.


PER CURIAM:  The Kansas Supreme Court has made it clear that the dispositional departure exception in K.S.A. 2017 Supp. 22-3716(c)(9)(B) "applies only to probationers whose offenses or crimes of conviction occurred on or after July 1, 2017." *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020).

Joel Mendoza Jr. appeals the revocation of his probation. He argues that the district court erred when it revoked his probation and ordered him to serve his underlying sentence without first imposing intermediate sanctions. We agree with Mendoza. Because the district court based its decision to bypass intermediate sanctions on the fact that

1

Mendoza's sentence for crimes committed in February and May 2017 reflected a dispositional departure, we must vacate the district court's sentence and remand the case for the district court to apply the correct statutory provisions under K.S.A. 2016 Supp 22-3716(c).

FACTUAL AND PROCEDURAL HISTORY

In May 2017, Mendoza was charged with possession of methamphetamine with intent to distribute—committed on May 8, 2017—and possession of marijuana with intent to distribute—committed on February 4, 2017. Mendoza entered a no contest plea to the charges, and he was sentenced in January 2019. The district court granted Mendoza a dispositional departure and sentenced him to a controlling term of 115 months' imprisonment but released him on probation.

In March 2019, Mendoza stipulated to violating his probation by being late to community service and accepted a three-day sanction at the county jail. He again stipulated to violating his probation in August 2019 and served another three-day sanction in the county jail.

Later that month, the State moved to revoke Mendoza's probation for several violations. At the revocation hearing, Mendoza and the State presented a joint request that the district court revoke Mendoza's probation and order him to serve his underlying sentence. In return, the State would terminate two other cases involving Mendoza. The district court agreed to follow the parties' recommendation and ordered Mendoza to serve his underlying sentence. In its journal entry, the district court noted that it was revoking Mendoza's probation and ordering him to serve his underlying sentence because his original sentence was the result of a dispositional departure.

Mendoza timely appeals.

ANALYSIS

Mendoza does not challenge the revocation of his probation, only the disposition. When the issue is the propriety of the sanction imposed, the standard of review is an abuse of discretion. *Coleman*, 311 Kan. at 334. However, determining which statute applies, and the district court's interpretation of that statute is a question of law over which this court has unlimited review. 311 Kan. at 334-35.

The sanctions available to be imposed by the district court when a probationer violates his or her probation are governed by K.S.A. 2020 Supp. 22-3716(c). District courts are required to impose intermediate sanctions when an individual violates his or her probation unless an exception applies. See K.S.A. 2020 Supp. 22-3716(c)(7). Effective July 1, 2017, the Kansas Legislature amended K.S.A. 22-3716(c) to include a provision that allowed the district court to revoke an individual's probation, without first imposing intermediate sanctions—if the individual was originally granted probation as a result of a dispositional departure. K.S.A. 2017 Supp. 22-3716(c)(9)(B).

However, the Kansas Supreme Court has made it clear that the dispositional departure exception in K.S.A. 2017 Supp. 22-3716(c)(9)(B) "applies only to probationers whose offenses or crimes of conviction occurred on or after July 1, 2017." 311 Kan. at 337. Mendoza's crimes of conviction both occurred before July 1, 2017, so the district court had no statutory authority to rely on the dispositional departure exception to revoke Mendoza's probation. See 311 Kan. at 337.

The State counters that Mendoza invited the error and thus cannot obtain his requested relief.

Mendoza acknowledges that he requested that the district court revoke his probation. He also acknowledges that he did not raise this issue before the district court.

As to his failure to raise this issue in the district court, Mendoza correctly asserts that he may raise the issue for the first time on appeal because it is a newly asserted theory that involves only a question of law arising on proved or admitted facts and is finally determinative of the case. See *State v. Hirsh*, 310 Kan. 321, 338, 446 P.3d 472 (2019).

As to the State's argument that Mendoza received just what he asked for, our Supreme Court has held that a district court cannot impose a defendant's underlying sentence for a "probation violation unless the district court utilized a statutory bypass provision." *State v. Clapp*, 308 Kan. 976, 987-88, 425 P.3d 605 (2018). But the State argues that Mendoza requested the sanction that the court ordered. Accordingly, under the invited error doctrine he should be prohibited from challenging the district court's compliance with his request.

This court has applied the invited error doctrine to probation revocation cases in the past. In support of its argument, the State cites *State v. Sanders*, No. 119,977, 2019 WL 4126487, at *4 (Kan. App. 2019) (unpublished opinion), *rev. denied* 312 Kan. __ (August 27, 2020), and *State v. Welch*, No. 121,559, 2020 WL 961646, at *2 (Kan. App. 2020) (unpublished opinion), but neither case involved a situation where there was an argument that the district court did not have the statutory authority to revoke probation. Instead, the arguments focused on whether the district court abused its discretion when it did so. See *Sanders*, 2019 WL 4126487, at *3-6; *Welch*, 2020 WL 961646, at *1-2.

More applicable to this case is the general concept that parties cannot "agree upon or stipulate to an illegal sentence." *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018). In addition, a governmental agency cannot enter into a contract that it "has no power to make" and "contractual agreements that conflict with statutory provisions are considered void." 308 Kan. at 1093. While Mendoza and the State did not exactly contract to an illegal sentence, the situation is similar. Mendoza and the State agreed to a

probation revocation scheme that was not available under the statutory scheme applicable to Mendoza. See *Coleman*, 311 Kan. at 337.

The State's final argument is that the district court did not truly rely on the dispositional departure exception when it revoked Mendoza's probation. As the State points out, during the revocation hearing, the district court did not state the reason for revoking Mendoza's probation. Instead, the district court merely stated that it was adopting the parties' recommendations. The journal entry of probation revocation was the first time the dispositional departure exception was mentioned by the court.

The State argues that the lack of an explanation by the district court at the hearing was essentially a failure to pronounce a specific rationale and that the case should be remanded so the district court can make the requisite findings. In support of its argument, the State notes that a sentence is effective when it is pronounced from the bench. *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007). In contrast, Mendoza argues that the district court need not set forth the reason for revocation at the hearing unless particularized findings are required by statute. We need not address the issue because regardless of whether the State or Mendoza is correct a remand is required.

The district court erred when it revoked Mendoza's probation using the dispositional departure exception. The probation revocation scheme at the time Mendoza committed his crimes of conviction did not allow the district court to bypass intermediate sanctions even though Mendoza was granted probation as a result of a dispositional departure. And although Mendoza requested that the district court revoke his probation and order him to serve his underlying sentence, he is not precluded from making his arguments under the invited error doctrine. See *Lehman*, 308 Kan. at 1092-93. The district court's decision to revoke Mendoza's probation was erroneous under the law.

5

The sentence imposed by the district court is vacated, and the case is remanded for further proceedings consistent with K.S.A. 2016 Supp. 22-3716(c).

Sentence vacated and remanded with directions.