NOT DESIGNATED FOR PUBLICATION

No. 128,743

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JEROME EVERT GRIFFIN Sr.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Submitted without oral argument. Opinion filed June 26, 2026. Sentence vacated and case remanded with directions.

*Merideth J. Hogan*, of Kansas Appellate Defender Office, for appellant.

*Chad Josiah Cook,* assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., HILL and BRUNS, JJ.

HILL, J.: This is an appeal where the spoken word controls over what is written. Jerome Evert Griffin Sr. appeals the length of his prison sentence recorded in the journal entry of the probation revocation hearing where the court reduced his sentence. What was spoken by the judge at the hearing varied from what was later written in the journal entry. Caselaw directs us to rule that the oral pronouncement controls. We therefore vacate his sentence and remand with directions to issue an amended journal entry.

1

*Griffin pleads guilty and is placed on probation.*

Jerome Evert Griffin Sr. pled guilty to possession of cocaine and driving under the influence. The court imposed a downward dispositional departure and sentenced him to a suspended 40-month prison term and placed him on probation for 12 months.

Griffin soon violated his probation conditions and the court ordered him to serve a 3-day jail sanction and then extended Griffin's probation for an additional 12 months.

About three months later, Griffin violated the terms of his probation again. At the probation violation hearing, the district court revoked Griffin's probation. The court twice stated from the bench that it was imposing Griffin's original prison sentence but added that Griffin would serve the "original sentence of 12 months." The journal entry of the hearing imposes a 40-month prison sentence instead of the stated 12-month prison sentence. Griffin appeals that statement in the journal entry.

*What is the controlling law?*

Our sentencing statutes give a sentencing court the ability to reduce any guideline sentence after revoking an offender's probation. The language, "or any lesser sentence" in K.S.A. 22-3716(b)(3)(A)(iii) makes that clear. This means that the court clearly had the legal authority to reduce Griffin's sentence from 40 months to 12 months. This leads to the next question: Which ruling controls? Is the oral pronouncement from the bench of 12 months controlling, or the 40 months signed in the journal entry?

To answer this question we are guided by our Supreme Court. In *Abasolo v. State*, 284 Kan. 299, 160 P.3d 471 (2007), a sentencing court revoked Abasolo's probation and ordered that she "'serve her sentence'" of 36 months—16 months less than her original

2

prison sentence. 284 Kan. at 301-02. In the journal entry, however, the court imposed Abasolo's original 52-month prison sentence. 284 Kan. at 301. On appeal, our Supreme Court held that the sentence pronounced at Abasolo's probation violation hearing controlled over the written judgment which differed from that pronouncement. 284 Kan. at 308-09. The Court found that this rule best protected defendants from the "situation that occurred in this case, where Abasolo did not know she was sentenced to 52 months' imprisonment until after she arrived at the correctional facility." 284 Kan. at 308-09.

Thus, the *Abasolo* court held that the district court erred by failing to correct its journal entry to reflect the sentence pronounced at Abasolo's probation violation hearing. 284 Kan. at 310. The court also held that "[a] sentence is effective upon pronouncement from the bench, regardless of the court's intent at the time the sentence is pronounced." 284 Kan. at 310.

Several other cases reinforce our view. For example, "a sentence is effective when pronounced from the bench." *State v. Johnson*, 320 Kan. 246, 248, 564 P.3d 782 (2025). Then, "a judge's oral pronouncement of sentence controls over a conflicting written journal entry, which creates a clerical error that may be corrected at any time." *State v. Exon*, 322 Kan. 144, 150-51, 587 P.3d 241 (2026).

We are not persuaded by the State's argument. The State contends that the district court intended to impose Griffin's original prison sentence and the journal entry "simply clarified that the original sentence that the district court revoked Griffin to was 40 months, not 12 months." The State therefore argues, "[t]he journal entry did not modify or alter the district court's pronouncement from the bench." The State also construes the district court's statement from the bench as ambiguous and the journal entry clarified that ambiguity, citing *State v. Jackson*, 291 Kan. 34, 35-36, 238 P.3d 246 (2010).

3

Returning to the ruling in *Abasolo,* we are thus persuaded to reject the State's position. A defendant's "sentence is effective upon pronouncement from the bench, regardless of the court's intent at the time the sentence is pronounced." *Abasolo*, 284 Kan. at 310. Therefore, the district court's use of the term "original sentence" does not deem the pronounced sentence ambiguous or illegal because the court's intent is irrelevant because the court had stated it was imposing a 12-month prison sentence.

The spoken words control the written ruling here.

We vacate the sentence and remand with directions to file a corrected journal entry reflecting a 12-month sentence in conformity with the oral pronouncement of the judge at sentencing.

Sentence vacated and case remanded with directions.