NOT DESIGNATED FOR PUBLICATION

No. 121,780

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MILAN JAMEL BURNETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; MARY JENNIFER BRUNETTI, judge. Opinion filed July 31, 2020. Reversed and remanded with directions.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before BUSER, P.J., HILL and WARNER, JJ.

PER CURIAM: After Milan Burnett violated the terms of his probation on multiple occasions between 2014 and 2019, the district court concluded he was not "amenable to supervision." The court then revoked Burnett's probation and ordered him to serve the underlying prison sentence for his convictions. The Kansas statutes applicable to Burnett's case required that probation violations carry a presumptive intermediate sanction of 120 to 180 days in prison, followed by reinstitution of probation. See K.S.A. 2013 Supp. 22-3716(c)(1)(C) and (D). Under the circumstances in this case, a district court was only permitted to depart from such an intermediate sanction if the court stated "with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served" by a 120- or 180-day prison sanction. K.S.A. 2013 Supp. 22-3716(c)(9).

1

Burnett appeals, claiming the district court erred by not imposing a 120- or 180-day intermediate sanction before revoking his probation. We conclude the court erred by focusing its analysis on Burnett's amenability to supervision (i.e., probation), not on whether his welfare would be served by imposing the intermediate sanction. We therefore reverse the district court's order revoking Burnett's probation and remand for a new dispositional hearing.

FACTUAL AND PROCEDURAL BACKGROUND

Burnett pleaded no contest to attempted aggravated robbery, a severity level 5 person felony, in February 2014. At that time, Burnett was on probation for a 2010 conviction. The district court imposed a sentence for the 2014 conviction of the standard term of 52 months' imprisonment with 24 months of postrelease supervision, to run consecutively to the sentence for Burnett's 2010 conviction. The court then granted a downward dispositional departure, suspending Burnett's sentence and imposing 36 months of probation.

The State filed applications to revoke Burnett's probation in 2015, 2016, and 2018. At each of those times, Burnett was on probation for his 2010 and 2014 convictions. Burnett stipulated to failing to report to his intensive supervision officer (ISO), failing to maintain employment, not providing a current address, failing to pay court costs, not attending outpatient substance abuse treatment, failing to complete community service hours, and testing positive for marijuana. The court imposed various sanctions for these violations. But most sanctions were imposed in the 2010 case, with the court merely extending Burnett's probation for his 2014 conviction. The longest jail sanction Burnett served for his probation violations for the 2014 conviction was a three-day jail sanction imposed by his ISO.

2

In 2019, the State filed an application to revoke Burnett's probation for the 2014 conviction after he again failed to report to his ISO. Burnett stipulated to this violation. Burnett argued that he did not abscond or commit a new crime and therefore should remain on probation, instead of being ordered to serve his underlying sentence. The court disagreed, stating that Burnett's continuous failure to report demonstrated he was not "amenable to supervision." The district court revoked Burnett's probation and reinstated his underlying 2014 sentence, with credit for time served, and Burnett appealed.

Burnett initially moved for summary disposition of this appeal under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). In his original motion, Burnett conceded that K.S.A. 2018 Supp. 22-3716(c)(9)(B) allowed the court to revoke his probation without first imposing graduated sanctions if the probation was a result of a dispositional departure. But the Kansas Supreme Court recently clarified in *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020), that this exception applies only to probationers whose crimes of conviction occurred on or after July 1, 2017. Because Burnett's conviction occurred in 2014, K.S.A. 2018 Supp. 22-3716(c)(9)(B) could not be used to support the court's revocation of his probation.

This court issued a show-cause order to the parties, asking how *Coleman* affected our previous grant of summary disposition and the merits of Burnett's appeal. In their responses, both Burnett and the State agreed that *Coleman* abrogated our initial rationale for summary disposition. But the parties also agreed that disposition under Rule 7.041A remained appropriate since Burnett had not received an intermediate sanction for his probation violations in the 2014 case. We agree and thus proceed with our review of the case under Rule 7.041A.

Burnett again alleges the district court erred by reinstating the underlying sentence without first imposing an intermediate, graduated sanction. The State points out that

3

Burnett repeatedly violated the terms of his probation but concedes that this case should be remanded for a new hearing.

DISCUSSION

If an appellant admits to a probation violation, the decision whether to revoke probation "rests within the sound discretion of the district court." *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). The degree of discretion a district court may exercise, however, varies based on the contours of the question before it. For example, a district court does not have discretion to commit an error of law or disregard statutory limitations or legal standards. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015); *State v. Ardry*, 295 Kan. 733, 736, 286 P.3d 207 (2012). In particular, the Kansas Legislature may define the contours of the court's discretion through statute.

Historically, Kansas district courts exercised broad discretion in determining the appropriate action when faced with a probation violation. See *State v. Clapp*, 308 Kan. 976, 990, 425 P.3d 605 (2018). But in 2013, the Kansas Legislature amended the statute governing probation revocation to limit the court's previous latitude. 308 Kan. at 982-84. The framework in place at the time of Burnett's conviction is found in K.S.A. 2013 Supp. 22-3716(c)(1)(B) through (E). These statutory sections were discussed by our Supreme Court at length in *Clapp*, 308 Kan. at 982-85, and establish a series of graduated sanctions—ranging from modifying probation conditions to intermediate sanctions of 120 to 180 days in prison—that a district court must consider before revoking probation outright. *Clapp* opined that "[p]ermitting the district court to skip steps in the graduated intermediate sanctions scheme would defeat the purpose of the legislation." 308 Kan. at 986.

The statutory framework permits a district court judge to bypass these sanctions and impose the underlying sentence in three situations. 308 Kan. at 978. The court may

4

bypass the graduated sanctions if the offender commits a new felony or misdemeanor or absconds from supervision. K.S.A. 2013 Supp. 22-3716(c)(8). Or the court may revoke an offender's probation if "the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2013 Supp. 22-3716(c)(9).

Under the plain language of K.S.A. 2013 Supp. 22-3716(c)(9), a district court's particularized findings must explicitly state why the public's safety would be jeopardized or how the offender's welfare would not be served *by the intermediate sanction*—not by probation generally. See *State v. Duran*, 56 Kan. App. 2d 1268, 1274-76, 445 P.3d 761 (2019), *petition for rev. filed* July 19, 2019; *McFeeters*, 52 Kan. App. 2d at 49. Findings are sufficiently particularized when they are "'distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018) (quoting *State v. Miller*, 32 Kan. App. 2d 1099, 1102, 95 P.3d 127 [2004]).

Burnett contends the district court erred in revoking his probation because K.S.A. 2013 Supp. 22-3716 required the imposition of graduated sanctions prior to a reinstatement of the underlying sentence. Whether the court's revocation of probation is consistent with K.S.A. 2013 Supp. 22-3716 is a question of law over which an appellate court exercises unlimited review. *McFeeters*, 52 Kan. App. 2d at 47-48. And our review is similarly unlimited "to the extent that resolution of this issue requires statutory interpretation." 52 Kan. App. 2d at 48.

Burnett received sanctions following his 2014 conviction, but they were for the 2010 case. Burnett received 2- and 3-day jail sanctions for probation violations in the 2014 case, but the district court never imposed a longer sanction on that conviction—and most notably, did not impose a 120- or 180-day intermediate sanction—before it revoked his probation. And while the court's journal entry lists its reason for revoking Burnett's

5

probation as "public safety or offender welfare," it made no particularized findings at the dispositional hearing or in the journal entry as to why Burnett would not be served by the imposition of an intermediate sanction. Instead, the court's remarks focused exclusively on Burnett's amenability to probation, a factor not included in K.S.A. 2013 Supp. 22-3716(c). See *McFeeters*, 52 Kan. App. 2d at 49 (remarks relating to the violator's amenability to probation do not explain *how* the public would be jeopardized or *how* the violator's welfare would not be served by imposing intermediate sanctions).

We understand the district court's frustration with Burnett's repeated failure to report to his ISO, a fundamental component of an offender's supervision during probation. But merely reciting the defendant's history of probational noncompliance—as the district court did here—does not comply with K.S.A. 2013 Supp. 22-3716(c)(9). See *Clapp*, 308 Kan. at 988-90; *Duran*, 56 Kan. App. 2d at 1274-77. Instead, the district court was required to analyze the impact of the presumptive intermediate sanction, not probation generally, on public safety or Burnett's welfare. It did not do so.

The district court's discretion in considering the State's probation revocation in this case was controlled by the language of K.S.A. 2013 Supp. 22-3716; failing to make particularized findings as to the effect of the applicable intermediate sanctions constitutes an abuse of that discretion requiring reversal. *Clapp*, 308 Kan. at 991; *Duran*, 56 Kan. App. 2d at 1276-77. We therefore reverse the district court's revocation of Burnett's probation and remand for a new dispositional hearing in compliance with K.S.A. 2013 Supp. 22-3716(c).

Reversed and remanded with directions.