No. 101,311

STATE OF KANSAS, *Appellee*, v. ADAM ARDRY, *Appellant*.
(286 P.3d 207)

Opinion filed October 5, 2012.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Following his guilty plea, Adam Ardry appeals from the sentence imposed following the revocation of his probation. Because we find that the district court relied on a basis that is not grounded in the sentencing framework that our legislature has constructed, we reverse and remand for resentencing applying the proper standards.

On November 9, 2007, Ardry entered a guilty plea to aggravated indecent liberties with a child, a severity level 3, person felony. He simultaneously entered a plea to unrelated charges involving driving while intoxicated.

Consistent with the plea agreement, the State recommended a mid-range sentence in the appropriate sentencing guidelines grid box and a departure to probation on the aggravated indecent liberties charge. Ardry's counsel argued that the sexual contact was consensual, despite the admitted age-related legal inability of the

victim to give such consent. Ardry's counsel also asked the court to take into consideration Ardry's claim that he did not know the girl's age and that the victim was portraying herself as older than she was. The district court followed the parties' recommendation and imposed a sentence of 216 months' imprisonment based on Ardry's criminal history score of B. The court also granted a downward departure to 36 months' probation to be served at a community corrections residential center.

Less than a week after completing the residential portion of his probation, Ardry violated his probation by losing his job, failing to report to his probation officer, testing positive for alcohol, and failing to attend his sex offender treatment. Ardry admitted to these violations and requested that the district court reinstate his probation to another residential program, possibly with inpatient alcohol treatment. Ardry's counsel also requested that the court consider imposing a lesser sentence, suggesting the 102 months' imprisonment that Ardry would have received if certain misdemeanors were not aggregated in calculating his criminal history score. Although the court recognized there was no legal obligation to consider the Labette Correctional Conservation Camp, the probation revocation hearing was continued to find out whether Ardry would be accepted into the program.

After Labette informed the court that it would not accept Ardry, the revocation hearing was resumed. The State requested that the court impose Ardry's underlying sentence. The court considered Ardry's previous probation failures—in one previous case, Ardry violated his probation within 2 weeks; in another case, Ardry violated his probation within 3 weeks. The court recognized that cost was the main issue preventing Ardry from attending sex offender treatment. The court stated:

"I don't feel like I have any reasonable choice other than to remand Mr. Ardry to the Department of Corrections to serve his sentence. I would say that in and of itself as far as this PV and the underlying sentence, it would be considered harsh, certainly not illegal, but honestly, I don't have any belief anymore that Mr. Ardry can complete probation, and when I reach that point I have to—I have to be honest with myself. There's just no indication. The history's already there, and I gave Mr. Ardry an opportunity at time of sentencing, and I definitely had concerns, but I didn't voice them 'cause I don't think that's positive, but the sentence

is reimposed. There is postrelease in this case 'cause the original sentence was a dispositional departure.

"As far as the modification of the sentence, I don't have the case before me, but generally case law and the most recent cases out of Judge Owens' court that addresses this issue, even though the courts—appellate courts didn't specifically address it, they certainly allude to the fact that you have to have substantial and compelling reasons to justify a sentence which goes under the mitigating number, and I couldn't really have any substantial and compelling reason to reduce the sentence, and if I did, it would have to be different from what was given dispositionally because this would be now a durational reduction, and I don't. So I looked every direction I could to avoid this sentence, but once I looked at the history and Labette's declination to take Mr. Ardry, I'm left with reimposing the sentence."

The Court of Appeals affirmed, with Chief Judge Greene concurring in part and dissenting in part, the district court's decision to revoke probation and impose the original sentence.

On review, Ardry argues that the district court abused its discretion at the probation revocation hearing by imposing the original sentence because the court misunderstood the law and so did not properly consider the statutory limitations or legal standards for imposing a lesser sentence. In his statement at sentencing, the district judge stated that he was required by statute to find substantial and compelling reasons to reduce the original sentence and that any reasons for such a reduction would have to differ from those underlying the original dispositional departure. We agree that the district court misstated the statutory requirements for imposing a lesser sentence in a revocation proceeding.

K.S.A. 22-3716(b) authorizes a district court revoking a defendant's probation to "require the defendant to serve the sentence imposed, *or any lesser sentence*." (Emphasis added.) The interpretation of a sentencing statute is a question of law over which this court exercises unlimited review. *State v. Riojas*, 288 Kan. 379, Syl. ¶ 7, 204 P.3d 578 (2009).

In *Abasolo v. State*, 284 Kan. 299, 305, 160 P.3d 471 (2007), this court held:

"The statute [K.S.A. 22-3716(b)] does not impose any additional restrictions on the district court's discretion as to the sentence that may be imposed at the time of the probation violation hearing. Neither have Kansas courts interpreted the

statute in such a way that would require the district court to make explicit findings on the record for the reasons for imposing a reduced sentence."

*State v. McKnight*, 292 Kan. 776, 782, 257 P.3d 339 (2011), followed and amplified the reasoning in *Abasolo*. In *McKnight*, the court held that the plain language of K.S.A. 22-3716(b) allows the district court to impose *any* sentence less than the one originally imposed, including a shorter prison term, a shorter term of post-release supervision, or any combination thereof. McKnight had originally been sentenced to a term of 30 months' incarceration with 24 months' postrelease supervision; but upon revocation of his probation, the district court imposed a modified sentence of 22 months' incarceration with no period of postrelease supervision. *McKnight*, 292 Kan. at 776-77. Such a modified sentence would not have been a presumptive or even a legal sentence under the sentencing guidelines. This court did not set forth any requirements for imposing a lesser sentence at a probation revocation hearing and instead upheld the lesser sentence imposed even when the district court had mistakenly imposed no postrelease supervision due to a misunderstanding. *McKnight*, 292 Kan. at 783.

Because a district court may impose a lesser sentence without stating a reason or even by mistake, a district court certainly does not need new or different mitigating factors in order to impose a lesser sentence. Although a district court has broad latitude in exercising its discretion, that discretion is abused when the court renders a decision that fails to consider proper statutory limitations or legal standards. *State v. Shopteese*, 283 Kan. 331, Syl. ¶ 2, 153 P.3d 1208 (2007). In this case, the district court stated that statutory restrictions limited its authority to impose a lesser sentence. This was an incorrect legal standard and constituted an abuse of discretion.

The Court of Appeals also relied on a policy argument, reasoning that the sentencing guidelines were put into place to ensure that similarly situated defendants receive comparable sentences. If K.S.A. 22-3716(b) grants a district court unfettered discretion in imposing a lesser sentence after probation revocation, the sentencing guidelines allow similarly situated defendants to receive

different sentences if a defendant fails to complete probation successfully. It is not, however, the function of the appellate courts to delete language from or add language to Kansas statutes, and only the legislature may decide whether the statutory sentencing scheme contains inequitable inconsistencies. See *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs*, 290 Kan. 446, 464-65, 228 P.3d 403 (2010).

Ardry also argues that the calculation of his criminal history score violates the right to trial by a jury as analyzed in *Apprendi v. New Jersey*, 530 U.S. 466, 490,120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). We decline to revisit *State v. Bogguess*, 293 Kan. 743, 755, 268 P.3d 481 (2012), and *State v. Ivory*, 273 Kan. 44, 47-48, 41 P.3d 781 (2002), as they relate to this subject, and we find no error here.

Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed and the case is remanded for resentencing.