NOT DESIGNATED FOR PUBLICATION

No. 116,631

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

ISMAEL CHAVEZ,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed September 15, 2017. Appeal dismissed.

*Natasha Esau*, assistant district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Shannon S. Crane*, of Hutchinson, for appellee.

Before HILL, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: The law limits what rulings the State can appeal in a criminal prosecution. Stated plainly, not all adverse rulings are appealable by the State. Here, the State appeals an order denying its request to impose a term of postrelease supervision upon a defendant whose probation was just ended by the court. We find that the State has failed to show us how the order it complains about rests within the statutory limits of what it can appeal. Therefore, we hold that this court has no jurisdiction to entertain this appeal and dismiss this appeal.

1

*Chavez violated the terms of his probation.*

The case history here is not complex. In 2012, the district court departed from the sentencing guidelines and placed Ismael Chavez on 12 months' probation instead of sending him to prison for 14 months for felony theft. Based upon the severity level of the offense and Chavez' criminal history score, he faced a presumptive prison sentence. Over the next several years, the court sent Chavez to jail for short periods as intermediate jail sanctions for violating his probation orders and also extended his probation term.

Four years later, Chavez, still on probation, stipulated to two more probation violations. At this point, the State and Chavez had agreed to a common approach in addressing these violations. The parties told the court of their agreement.

Chavez' counsel advised the court that the State and Chavez had agreed to ask the court to impose the prison sentence for one of his theft cases and terminate probation in the second. Counsel noted that Chavez had at least 179 days of jail time credit towards his 14-month sentence—and he was entitled to an additional undetermined amount of jail time credit for the time he had spent on house arrest. The court asked the State if these terms reflected the agreement of the parties and the State's attorney answered in the affirmative. The journal entry for this hearing reflects that the court revoked Chavez' probation, imposed the prison portion of his sentence, and granted him 220 days of jail time credit towards his 14-month prison sentence. Evidently, no one at the hearing thought of postrelease supervision.

After that journal entry was filed, the question of postrelease supervision suddenly occurred to Chavez' counsel. At a second hearing, Chavez' attorney told the court that Chavez was planning to move to Texas and wanted to dispose of this case before his move. His counsel admitted to the court that he had not considered postrelease supervision when counseling Chavez about the probation violation. Chavez' counsel

2

thought that because of his client's accumulated jail time credit, the original agreement with the State would have disposed of the case with Chavez serving 6 months and no postrelease supervision. Accordingly, his counsel asked the court to order Chavez to serve a 6-month sanction rather than imposing the 14-month prison sentence.

In response, the State disagreed and contended that based upon the Kansas Sentencing Guidelines, postrelease supervision was mandatory. The court decided to modify its prior ruling anyway and imposed a 6-month jail sanction, instead, and ordered that upon the completion of that sanction, the case would be terminated. The court signed and filed an amended journal entry reflecting this modification. The State appealed.

*We must first determine our jurisdiction to hear this appeal.*

We emphasize three legal points when dealing with this case. They provide a foundation for understanding our ruling. First, this case raises a question of law, meaning our review is unlimited. See *State v. Ballard*, 289 Kan. 1000, 1005, 218 P.3d 432 (2009). Secondly, there is no common-law or constitutional right to appeal. In Kansas, the right to an appeal is granted and governed by statute. See *Harsch v. Miller*, 288 Kan. 280, 287, 200 P.3d 467 (2009). Finally, the law severely limits the State's ability to appeal in criminal cases in comparison to appeals by a criminal defendant. See *State v. Boyd*, 268 Kan. 600, 605, 999 P.2d 265 (2000); *State v. Walker*, 260 Kan. 803, 806, 926 P.2d 218 (1996).

All appellants are told in the docketing statement form for criminal cases that "the docketing statement is used by the court to determine jurisdiction . . . ." This case is no exception. In its docketing statement, the State expressly represented that the statutory authority for its appeal is K.S.A. 2016 Supp. 22-3602—which contains a list of orders and issues that the State can appeal—and K.S.A. 2016 Supp. 21-6820—which states that either the defendant or the State can appeal a departure sentence. In its brief, however, the

3

State does not mention K.S.A. 2016 Supp. 22-3602 and instead asserts that this is a departure sentence imposed by the court and is appealable under K.S.A. 2016 Supp. 21-6820. We take the omission of K.S.A. 2016 Supp. 22-3602 from its brief to mean that the State has elected to proceed under the departure sentence statute alone and that its election governs the possible remedy under the rule established in *State v. Berreth*, 294 Kan. 98, Syl. ¶ 4, 273 P.3d 752 (2012). We now focus on the State's arguments.

The State does not provide a clear reason why we should treat what the district court did here as imposing a departure sentence. It merely asserts, with no citation to any authority, that "this case does involve a departure sentence . . . ." As an apparent afterthought, the State then tacks on a second argument in the same paragraph, again with no citation to any authority, and asserts that this is an illegal sentence. Some explanation on the second point would have been helpful. We deem that issue of an illegal sentence to be abandoned by the State for failing to support its point with any pertinent authority. See *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). We now turn to whether we can treat what the court did here as a departure sentence and, if we do so, whether we can decide the appeal.

If the State is arguing that we have jurisdiction because Chavez' *original* sentence was a departure sentence, then the appeal is clearly untimely. From the record, we see that the court sentenced Chavez for his crimes on November 30, 2012. The State's notice of appeal was filed on September 19, 2016, a date which is well outside the time for filing a notice of appeal on the original sentence. See, e.g., *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008).

Further along this line, we note that while it is true the original sentence was a dispositional departure from the Guidelines and placed Chavez on probation instead of sending him to prison, that is not what the State is appealing. It complains, instead, about the court not setting a period of postrelease supervision in its latest order. Frankly, we see

4

no issue concerning the original sentence that is being raised in this appeal. We hold that the original sentence is not a proper basis for appellate jurisdiction in this appeal.

On the other hand, the State may be arguing that because the district court "modified" Chavez' sentence, this order terminating the case with no postrelease supervision term is a departure sentence. Chavez contends that the court simply clarified in the second journal entry of probation revocation that the sentence begin date was November 21, 2015, and with credit for time served, his sentence and his cases were terminated.

*In our view, this is not a departure sentence*.

Our reasoning is straightforward. First, what is a departure sentence? K.S.A. 2016 Supp. 21-6803(f) defines "departure" as "a sentence which is inconsistent with the presumptive sentence for an offender." In establishing a departure sentence, the law requires the court to find and state on the record any substantial and compelling reasons why it is departing. See K.S.A. 2016 Supp. 21-6815. The court complied with that statute here. In the record, we find the court departed from the Guidelines, citing as its reason the length of time between Chavez' two juvenile offenses—both person felonies—that gave rise to his elevated criminal history score and the two thefts he committed. But the court here was dealing not with a new sentence, but with a probation violation after a sentence had been imposed; and the law makes additional sanctions available to a court dealing with a probation violation.

Under K.S.A. 2016 Supp. 22-3716(b)(3)(B)(iii), when faced with a probation violation, the court can impose a "lesser sentence" and in contrast to when it imposes a departure sentence, there is no statutory requirement for the court to state any reason for the imposition of the lesser sentence. See *State v. Ardry,* 295 Kan. 733, 736-37, 286 P.3d 207 (2012). That is exactly what the court did here; it imposed a lesser sanction by

5

modifying the sentence begin date. When the court imposes a lesser sentence as a result of a probation violation, it is not a departure sentence as contemplated by the Guidelines. To summarize, under these circumstances, K.S.A. 2016 Supp. 21-6820—which deals with departure sentences—does not provide us jurisdiction to hear the State's appeal.

*The State failed to explain why this issue could be first raised on appeal.*

We cannot conclude without also mentioning the State's failure to comply with Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34). Generally, issues not presented to the district court are not properly before us. Rule 6.02(a)(5) requires an appellant to provide a pinpoint reference to the location in the record on appeal where an issue was preserved before the district court. If the issue was not preserved, the appellant *must* explain why the issue may be raised for the first time on appeal.

Here, the State concedes that the issue of the district court's jurisdiction was not raised below. Therefore, the State is required under Rule 6.02(a)(5) to explain why this issue is properly before the court. Significantly, the State has not affirmatively invoked any of the legal exceptions to the preservation requirement. While the State briefly concludes, "[t]here is also appellate jurisdiction because this case involves an illegal sentence," no authority is provided for the State's contention. Without supporting authority, the State has not complied with Rule 6.02(a)(5) because it is merely concluding, not arguing, that an exception applies. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Ultimately, the State is raising an issue for the first time on appeal and has not affirmatively invoked an exception to Rule 6.02(a)(5). Even if we had jurisdiction to consider this appeal, the State has failed to show the issue is properly before us. See *State v. Williams*, 298 Kan. 1075, 1085-86, 319 P.3d 528 (2014).

6

Appeal dismissed.