NOT DESIGNATED FOR PUBLICATION

No. 119,383

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN M. BLICK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed November 8, 2019. Affirmed in part, reversed in part, and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., PIERRON and ATCHESON, JJ.

PER CURIAM: After revoking his probation, the district court ordered Steven M. Blick to serve his underlying prison sentence. The court also imposed lifetime postrelease supervision. On appeal, Blick claims the district court should have imposed intermediate sanctions before ordering him to serve his prison sentence. Blick also claims the court misapplied the law in denying his request for a lesser period of postrelease supervision. For the reasons stated below, we affirm the district court's decision to bypass intermediate sanctions but reverse the court's decision imposing lifetime postrelease

supervision and remand with directions for the court to consider Blick's motion to impose a lesser period of postrelease supervision.

FACTS

Blick pleaded guilty to a single count of attempted indecent solicitation of a child. On July 8, 2015, the district court sentenced Blick to 7 months in prison but granted probation for a term of 18 months. Blick was also subject to a term of lifetime postrelease supervision given the fact that his crime of conviction constituted a sexually violent offense.

On September 19, 2016, the district court issued a warrant to arrest Blick based on allegations that he violated the conditions of his probation by drinking alcohol and committing the new offense of driving under the influence. Blick admitted to the violations. The court ordered him to serve two days in jail as a sanction for the violations and extended his probation by 12 months.

On May 2, 2017, the district court issued an order for Blick to appear based on an allegation that he violated the conditions of his probation by testing positive for alcohol use, as detected on his vehicle's ignition interlock device. Blick again admitted to the violations. The court ordered him to serve three days in jail as a sanction for the violation and again extended his probation by 12 months.

On December 7, 2017, the district court issued a warrant to arrest Blick based on allegations that he violated the conditions of his probation by testing positive for alcohol on five different occasions as detected through his vehicle's ignition interlock device. Blick challenged the allegations and exercised his right to an evidentiary hearing. The hearing was held on January 22, 2018. The following facts were established through witness testimony.

Leah Lichti, the Smart Start Ignition territory director for Kansas and several other states, testified that Blick's ignition device recorded the presence of alcohol on August 12, 2017, October 31, 2017, November 7, 2017, November 14, 2017, and November 17, 2017.

James Anderson, Blick's former manager at a print shop, testified that Blick "had trouble with alcohol." Blick told Anderson several times that he was unable to arrive at work on time because he was unable to start his vehicle due to the interlock device. Blick also told other employees that he could bypass the interlock device "if he could just find the wiring diagram." Anderson also explained that Blick calculated the exact amount of alcohol he could consume over specific periods of time while being able to start the vehicle due to the margins for error built into the interlock device. Finally, Anderson testified that he knew of several instances where Blick entered a liquor store and purchased alcohol. Anderson believed there were several times when Blick came to work still "inebriated."

Blick testified in his own defense. He stated that he used a prescription dental gel that contained a denatured alcohol that could set off the ignition device. Blick admitted on cross-examination that he indicated to his probation officer in several reports that he did not use any prescription products.

After considering the evidence presented and the arguments of counsel, the district court determined that Blick once again had violated the conditions of his probation by drinking alcohol. Given the repeated violations over the course of the 29 months during which Blick had been on probation, the court found Blick was not invested in rehabilitating his life but more focused on circumventing the restrictions imposed by probation so that he could engage in prohibited conduct. The court concluded that imposing intermediate sanctions and continuing probation would not work to benefit Blick's own welfare. Accordingly, the court bypassed the intermediate sanction structure

3

and imposed Blick's underlying seven-month prison term. Blick requested a modification to his lifetime postrelease but the court declined to do so, noting that the term was statutorily mandated for his crime of conviction, and it lacked discretion to reduce the length of the term.

ANALYSIS

Blick raises two claims on appeal. First, he claims the district court should have imposed intermediate sanctions before ordering him to serve his prison sentence. Blick also claims the court misapplied the law in denying his request for a lesser period of postrelease supervision. We address each of Blick's claims in turn.

1. *Intermediate sanctions*

Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable; or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The defendant bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Blick argues he is entitled to a new disposition hearing because, while the district court relied on offender welfare findings to bypass the intermediate sanction structure, it failed to set forth with particularity the reasons for finding his welfare would not be served by imposing intermediate sanctions. K.S.A. 2018 Supp. 22-3716(c) limits the discretion of a court in deciding how to sanction a probation violator. The statute requires

4

the sentencing court to impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless some exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor" or "absconds from supervision while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2018 Supp. 22-3716(c)(8), (c)(9).

The underlying theme of the district court's lengthy conclusion regarding disposition at Blick's third probation revocation proceeding was that continued probation would not serve his best interests given that he was not invested in the long-term goal of achieving sobriety. Rather than using his time on probation to institute lifestyle changes, Blick devoted his time and effort to crafting ways to circumvent the restrictions designed to benefit him and to conduct his life in the manner that he desired through the continued use of alcohol. The court specifically observed that restrictions and treatment were not designed to force sobriety and improvements upon probationers. That is, the grace of probation is not intended to be a one-way street. To the contrary, the court is there to help facilitate changes that individuals desire to make in their lives; its role is not to relentlessly impose restrictions and consequences on those who are not willing to play an active, participatory role in their own rehabilitation. Here, the district court found Blick appeared to perceive probation as a matter of checking off boxes and not truly utilizing those programs to improve himself or his situation; therefore, continued time on probation would not provide any benefit to Blick's welfare.

In *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015), this court clarified that "'[w]hen something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" The court also noted that implicit findings are

5

insufficient when particularized findings are required by statute. 52 Kan. App. 2d at 48-49.

In this case, however, the district court specifically found that "continued probation is not going to serve [Blick's] interest" because he was "making every attempt to get around it." The court explicitly explained how Blick's welfare would not be served by intermediate sanctions and continued probation:

- Blick was a "repeat customer" to the interlock device.
- Blick told a coworker that he wanted to bypass the interlock device.
- Blick attempted to calculate and drink just enough alcohol to remain under the device's calculation margin.
- This was the third probation violation hearing in this case, indicating Blick had "some issues with authority."
- Blick tried to skate by and "accomplish the bare minimum to avoid a violation."
- Blick previously completed alcohol treatment programs, but "there's evidence he's still drinking."
- Even after a friend of Blick's father secured Blick a job, Blick had "lackluster attendance and an attitude" with his boss.
- Blick was fired due to tardiness. Blick continually showed up to work late and still inebriated. He failed to open the print shop on time several times, causing customers to wait outside.

The district court judge concluded:

"The totality of what I've heard today and what I have seen Mr. Blick's performance and his two previous violations does not indicate that he is serious about successfully

6

completing this probation. He is trying to do the bare minimum and trying to get on with his life the way he wants to live it and still skate around any technical or other violations.

. . . .

"[M]y standard statement is to people who have been in treatment and then continue to violate or they want some more restrictive requirement that will force them to comply is that I don't hogtie and spoon-feed treatment and sobriety to individuals if they're not invested in their own sobriety, and Mr. Blick's not invested in his own sobriety; and I have every expectation that when he completes his sentence and he's on his lifetime postrelease, he's gonna go out and drink; and if he's asked to run a [urinalysis test] with his parole officer or postrelease supervision he'll find a way to monitor his behavior or modify his behavior so he can pass those tests, but he's gonna drink.

. . . .

"[B]eing the finder of fact and weighing his performance in the past and the evidence presented to the Court today, I don't think he's gonna benefit from probation. He's gonna continue to try and find a way to slide by."

In sum, we find the district court set forth with particularity the reasons for finding Blick's welfare would not be served by imposing intermediate sanctions.

2. *Lifetime postrelease supervision*

At his probation revocation hearing, Blick asked the district court not to impose his underlying term of lifetime postrelease supervision as disposition for his probation violations. In response, the court asserted that it had no discretion to modify a lifetime postrelease sentence. Blick claims, however, that the district court *did* have discretion to modify the term of postrelease supervision. Because the district court's decision to deny his request for modification was predicated upon a misunderstanding of the law, Blick argues we must remand this case for a new dispositional hearing.

K.S.A. 2018 Supp. 22-3716(b) allows the district court at a probation revocation hearing to impose any sentence less than the one originally imposed, including a shorter

prison term, a shorter term of postrelease supervision, or any combination thereof. See *State v. Ardry*, 295 Kan. 733, Syl. ¶ 1, 286 P.3d 207 (2012); *State v. McKnight*, 292 Kan. 776, Syl. ¶ 1, 257 P.3d 339 (2011). Thus, contrary to the district court's statement at disposition, it did have discretion to modify the term of Blick's postrelease supervision. "Although a district court has broad latitude in exercising its discretion, that discretion is abused when the court renders a decision that fails to consider proper statutory limitations or legal standards." *Ardry*, 295 Kan. at 736. Like in *Ardry*, the district court stated here that statutory restrictions limited its authority to impose a lesser term of postrelease supervision. We find, as the court did in *Ardry*, that this was an incorrect legal standard and constituted an abuse of discretion. 295 Kan. at 736.

From the current record, it is not clear whether the district court would have modified Blick's lifetime postrelease sentence, had it understood that it could do this. Accordingly, we remand this case for a new dispositional hearing with directions for the court to exercise its discretion in considering Blick's request for the court to impose a lesser term of postrelease supervision.

Affirmed in part, reversed in part, and remanded with directions.