NOT DESIGNATED FOR PUBLICATION

Nos. 121,577
121,578
121,579

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTONIO A. TURNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed August 28, 2020. Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., STANDRIDGE and GARDNER, JJ.

PER CURIAM: After Antonio Turner entered a global plea deal resolving three pending cases, the district court granted him a departure sentence and placed him on probation for 12 months. Turner violated the terms of his probation on three occasions; at each of the hearings on these violations, the district court extended his probation by 12 months from the hearing date. Turner appeals the latest of these extensions, arguing the district court abused its discretion in extending his probation and imposing a requirement

to complete residential drug treatment. Because the district court did not abuse its discretion, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In three separate cases, the State charged Turner with numerous offenses, including two counts of possession of cocaine, possession of PCP, obstruction, fleeing or attempting to elude a law enforcement officer, driving under the influence, two counts of possession of marijuana, two counts of driving on a suspended license, driving without insurance, driving without a license plate or registration, and failure to signal lane change. Turner entered a global plea, and the district court sentenced him to a prison term of 34 months on the first case, 12 months on the second, and 34 months on the third, running consecutively for a controlling sentence of 80 months' imprisonment. The district court then suspended Turner's sentence and granted his motion for a downward dispositional departure, placing him on probation for 12 months.

Over the course of the next year and a half, the district court held three hearings on Turner's violations of the terms of his probation. On June 6, 2018, the court issued a warrant alleging Turner had not obtained employment and had failed a drug test for marijuana. Turner admitted to the violations. After Turner served a 2-day jail sanction, the court extended his probation by 12 months and ordered him to complete residential drug treatment.

On March 5, 2019, the court ordered Turner to appear based on the State's allegation that he had failed to pay his court costs. Another probation violation hearing was held on April 23, 2019; Turner admitted to failing to pay his court costs, and the court again extended his probation by 12 months from that date. At that hearing, the district court noted that Turner's probation officer would have the ability to set the frequency of his reporting requirements—stating "if he thinks you need to start reporting

2

less, that will be something that he can change." The court also noted that it would consider terminating Turner's probation early if he paid off the costs and fees.

On May 8, 2019, the court issued another warrant, alleging that Turner had again failed a drug test, this time for both marijuana and alcohol. At the hearing on these violations, Turner explained that he only violated the terms of his probation because he had mistakenly believed that he was no longer on probation—or was on nonreporting probation—and thought he was simply required to pay his court costs. But Turner ultimately admitted to the violation. Now more than a year past his original sentencing date, Turner asked the court to order a jail sanction with credit for time served, with no extension of his probation. Instead, the court extended Turner's probation for 12 months from the date of the hearing. The court also ordered him to undergo a drug and alcohol evaluation, successfully complete a residential drug treatment program, and finish the Community Corrections Residential Program. Turner appeals this ruling.

DISCUSSION

When a defendant admits to a probation violation, the decision to revoke probation is within the sound discretion of the district court. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). Judicial discretion is abused only if the action is based on an error of fact, based on an error of law, or if no reasonable person would agree with the court's decision. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The degree of discretion a district court may exercise varies based on the contours of the question before it, and the court must consider proper statutory limitations and standards. See *State v. Ardry*, 295 Kan. 733, 736, 286 P.3d 207 (2012). Relevant here, once a violation was established, the district court had the discretion to continue or modify the terms of probation under K.S.A. 2019 Supp. 22-3716(c)(1)(A).

On appeal, Turner argues the district court abused its discretion when it extended his probation and ordered residential drug treatment, asserting his latest probation violation was due to a misunderstanding regarding the terms of his probation. Turner states that since he did not know whether he was still on probation, he "did not intend to violate probation" and "should have been allowed to continue without an additional sanction." Turner does not contend that the district court committed an error of law or fact. Rather, he argues that the district court abused its discretion in extending his probation because his confusion about whether he was still on probation should have been viewed as a mitigating factor in the court's analysis. That is, Turner argues his mistake should have influenced the judge's disposition of his case.

After reviewing the facts and arguments presented, we conclude that Turner has not shown the district court abused its discretion by extending his probation and ordering his completion of drug treatment after failing his second drug screening. Turner has been convicted of multiple offenses, many of which were drug or alcohol related. Turner has failed two drug tests while on probation. In considering Turner's explanation regarding what he perceived his probation to entail, the district court noted that "the bottom line is: The defendant was in fact on probation, and he did violate the conditions by using an illegal substance that was caught on a drug test."

While it is possible that Turner was confused, the district court's decision to extend his probation and order him to complete a residential drug treatment program rather than simply order a jail sanction—especially when considering Turner's multiple drug-test failures—was reasonable. Put another way, the district court's decision to extend Turner's probation and order drug treatment, rather than ordering a jail sanction, was within its sound discretion.

Affirmed.

4