NOT DESIGNATED FOR PUBLICATION

No. 122,639

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS L. JACOBS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed October 30, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Nicholas Jacobs appeals the district court's decision revoking his probation and ordering him to serve his underlying sentence for two counts of distribution of a controlled substance. We granted Jacobs' motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State filed a response, asking us to affirm the district court's ruling. Finding no abuse of discretion, we affirm.

Jacobs pleaded guilty to two counts of distribution of a controlled substance. On June 29, 2016, the district court sentenced him to a total underlying term of 55 months' imprisonment but then granted Jacobs a downward dispositional departure, ordering that he serve 36 months' probation.

1

Over the next several years, Jacobs admitted to violating the terms of his probation on four occasions:

- On August 1, 2017, Jacobs stipulated to violating his probation by failing to report to his probation officer, failing to pay required court costs, and failing to complete mandated community service. The court extended the term of probation and ordered Jacobs to serve a three-day jail sanction for these violations; the court also ordered another consecutive three-day jail sanction on a separate case.

- On August 3, 2018, Jacobs stipulated to violating his probation by using drugs and alcohol and failing a drug screening; the district court transferred the supervision of his probation to Community Corrections. In October 2018, the court sanctioned Jacobs with a two-day jail sanction for using cocaine.

- On March 27, 2019, Jacobs stipulated to violating his probation by committing domestic battery and driving on a suspended license. The court once again extended his probation term and ordered him to serve a 180-day jail sanction.

- On January 16, 2020, Jacobs stipulated to violating his probation by not paying court costs, failing a drug screening, and committing the offenses of intimidation, destruction of property, and domestic violence. Finding he was not amenable to probation, the district court revoked probation and imposed Jacobs' underlying sentence.

Jacobs now appeals the district court's decision to revoke his probation, arguing the court abused its discretion by imposing his underlying sentence instead of reinstating probation.

If an appellant admits to a probation violation, the decision whether to revoke probation "rests within the sound discretion of the district court." *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). The degree of discretion a district court may exercise, however, varies based on the contours of the question before it. For example, a district court does not have discretion to commit an error of law or disregard statutory limitations or legal standards. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015); *State v. Ardry*, 295 Kan. 733, 736, 286 P.3d 207 (2012). The Kansas Legislature has defined the contours of the court's discretion, amending the statute governing probation revocation to limit the court's latitude by setting forth sanctions a court should impose or findings a court must make before revoking probation in certain instances. See K.S.A. 2019 Supp. 22-3716; *State v. Clapp*, 308 Kan. 976, 982-90, 425 P.3d 605 (2018).

Jacobs does not allege that the court committed any legal or factual error; accordingly, we may only find an abuse of discretion if no reasonable person would agree with the district court's decision to impose Jacobs' underlying sentence. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). And Jacobs bears the burden to show that such an abuse occurred. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

Jacobs contends the district court abused its discretion because he "had family support and was working to regain custody of his children," which he argues warranted the continuation of his probation and orders to complete a drug and alcohol evaluation rather than the imposition of his underlying sentence. But Jacobs does not address the fact that he repeatedly violated the terms of his probation and largely failed to comply with requirements that he refrain from using drugs and alcohol and committing new offenses. Considering the numerous sanctions Jacobs received—the district court exhausted every step of the graduated-sanctioning framework—and his inability to comply with the terms of his probation, we do not agree with Jacobs' contention that no reasonable person would agree with the district court's decision to impose his underlying sentence.

The district court did not abuse its discretion by revoking Jacobs' probation and ordering him to serve his underlying sentence.

Affirmed.