NOT DESIGNATED FOR PUBLICATION

Nos. 122,881
122,882

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON R. ROSIERE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed June 11, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., GARDNER and WARNER, JJ.

PER CURIAM: Defendant Jason Rosiere contends the Sedgwick County District Court abused its discretion in ordering him to serve his underlying sentences in two criminal cases rather than imposing some lesser sanction for his probation violations. Especially given our standard of review, we find no error and affirm.

The State charged Rosiere with criminal threat in 18 CR 1159 and with burglary, theft, two counts of criminal threat, and three counts of criminal possession of a firearm in 18 CR 1265. The factual circumstances giving rise to those charges have no direct bearing on this appeal, so we dispense a description of them. Under an agreement with the State, Rosiere pleaded guilty to the three counts of criminal threat, the burglary count,

1

and one count of criminal possession of a weapon. The State dismissed the remaining charges.

Consistent with the agreement, the district court granted Rosiere a dispositional departure from presumptive imprisonment and placed him on probation for 24 months. But the district court imposed high presumptive guidelines sentences in each case and ordered the terms of imprisonment to be run consecutively, yielding a controlling prison term of 71 months.

In early November 2019, Rosiere admitted to violating the conditions of his probation by failing to report to his intensive supervision officer. He waived his rights to a hearing and served a short jail sanction. That violation is not at issue in this appeal.

Later that month, the State issued a warrant to revoke Rosiere's probation for another failure to report. After Rosiere was arrested on that warrant, the State issued an additional warrant alleging he skipped a mental health appointment months earlier, failed to pay on his court costs, and made a threat against his probation officer and other persons on November 25 when he was arrested on the earlier warrant.

The district court appointed a lawyer to represent Rosiere on the probation violations and held an evidentiary hearing on them in early March 2020. At the hearing, Rosiere did not dispute his failure to report and effectively conceded he had not made payments against the court costs. As to those violations, Rosiere said he was confused about the date of his meeting with his probation officer, but left a message for her when he realized his mistake, and he had made payments on his corrections fees not realizing those were separate from the court costs. The probation officer testified she had received no message from Rosiere about the missed appointment. The State withdrew the charged violation related to the mental health appointment.

The hearing evidence indicated Rosiere was agitated and somewhat disoriented when he reported to his probation officer on November 25. After he was arrested by law enforcement officers that day and placed in their vehicle, witnesses including employees of the probation office heard Rosiere shout, "If anything happens to my girlfriend, I'm going to come back and mess all you up in this place." At the hearing, Rosiere testified he was taking a number of prescription medications at the time and had only a fuzzy recollection of going to the probation office. He said he did not recall making the statement about what he would do if something happened to his girlfriend.

Both Rosiere and his lawyer asked the district court to impose a jail sanction and continue the probation rather than revoking the probation and ordering Rosiere to serve the prison sentences. Rosiere's lawyer alternatively suggested the district court should shorten the prison sentences. See K.S.A. 2020 Supp. 22-3716(c)(1)(C) (upon revocation of probation, district court may impose "lesser sentence" than originally ordered); *State v. Ardry*, 295 Kan. 733, 736, 286 P.3d 207 (2012).

At the close of the evidence, the district court found Rosiere had made what amounted to a criminal threat on November 25 outside the probation office and that constituted a violation of his conditions of probation. See K.S.A. 2020 Supp. 21-5415(a)(1) (elements of criminal threat). The district court also found Rosiere failed to report to his probation officer, constituting a second violation. The district court effectively discounted the alleged failure to pay as a material probation violation. Relying largely on the threat, the district court revoked Rosiere's probation because he had been granted a dispositional departure to probation. See K.S.A. 2020 Supp. 22-3716(c)(7)(B). The district court ordered Rosiere to serve the original sentences in both cases.

Rosiere has appealed in each district court case, and they have been consolidated on appeal. This court also granted Rosiere's request to proceed by summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47).

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008). Here, on summary disposition, Rosiere does not dispute the district court's findings that he violated his probation by making a criminal threat and by failing to report. So we do not consider that aspect of the probation revocation further.

After a violation has been established, the decision to reinstate probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227-28. A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). Rosiere carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In his request for summary disposition, Rosiere does not identify any factual or legal errors on the district court's part. Rather, he argues the disposition—requiring him to serve the original underlying sentences—is so off the mark as to be an abuse of judicial discretion. We cannot agree. Rosiere had a substantial criminal history. And the crimes of conviction in these cases included multiple instances of his making criminal threats—the type of conduct Rosiere repeated as the principal ground on which the district court relied in revoking his probation and declining to reduce the controlling term of incarceration. We are unable to conclude the district court would stand alone in handling the probation revocation in that way. Whether some other disposition of Rosiere's violations also might

4

be appropriate merely suggests a matter open to fair debate—a proposition that itself undercuts an abuse of discretion. See *State v. Stokes*, No. 113,448, 2016 WL 3883512, at *3 (Kan. App. 2016) (unpublished opinion). Either side of a fair debate typically would not amount to an abuse of discretion.

Affirmed.