NOT DESIGNATED FOR PUBLICATION

No. 123,324

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LISA MARIE BUCHANAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed July 2, 2021. Reversed and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., POWELL and WARNER, JJ.

PER CURIAM: After Lisa Buchanan violated the terms of her probation on multiple occasions between 2018 and 2020, the district court concluded she was not amenable to probation. The court therefore revoked Buchanan's probation and ordered her to serve the underlying prison sentence for her convictions. Buchanan now appeals, arguing the district court erred when it revoked her probation—particularly given the strides she was making in her personal life during the weeks before the hearing on her violations.

This court previously granted Buchanan's request for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). After reviewing the record before us, we find the district court's decision did not comply with Kansas' statutory framework

1

governing sanctions for probation violations. See K.S.A. 2017 Supp. 22-3716(c). We thus reverse the district court's order and remand for a new dispositional hearing.

FACTUAL AND PROCEDURAL BACKGROUND

Buchanan pleaded guilty to possession of heroin, driving while suspended, and driving without a taillight on her vehicle, all arising in February 2018. As a result of these convictions, the district court sentenced Buchanan to 15 months in prison followed by 6 months in jail. The court then suspended those sentences and imposed 18 months of probation.

As part of her probation, Buchanan was required to comply with several conditions, including that she successfully complete drug treatment; pay all court fees; report to her intensive supervision officer (ISO) as directed; remain in Atchison County unless granted permission to leave; perform 40 hours of community service; refrain from purchasing, possessing, or consuming drugs or alcohol; and pay the assessment fee and 10% of the costs to complete the drug treatment program. Buchanan violated several of these conditions on numerous occasions over the next two years:

- Four months after sentencing, Buchanan admitted to violating the terms of probation by using methamphetamine, and the district court imposed a three-day jail sanction while Buchanan remained on probation.

- During the following year, Buchanan continued to violate the conditions of her probation by failing to pay costs, perform the mandated community service, report to her ISO, and attend scheduled treatment appointments. After Buchanan admitted to these violations, the district court imposed a 60-day jail sanction and extended her probation for 12 months.

- Less than six months later, the State moved to revoke Buchanan's probation, alleging that she again failed to pay court fees, report as directed, remain in Atchison County, complete any community service hours, and complete her drug treatment program (and pay the associated program costs). Buchanan denied these allegations, and the district court held a hearing on the State's motion.

At the hearing, Buchanan's ISO testified that Buchanan never reported to her after she served her 60-day sanction, stating, "[W]hen she got out of jail . . . , we were in the midst of all the COVID stuff and she never reported to the office. She went on to Missouri to live." The ISO testified that Buchanan did call to let the ISO know she was staying with a friend in Missouri because she had nowhere else to go. Buchanan did not return to Kansas until a couple of weeks before the hearing. During that time, the ISO only had a few phone calls with Buchanan. The ISO also indicated that when the State originally moved to revoke Buchanan's probation, she had not performed any of her community-service hours, but Buchanan had completed some of those hours while awaiting the hearing. The ISO also testified that Buchanan completed her treatment program but had not yet paid the treatment fees.

The district court confirmed for the record that Buchanan had paid $500 of her outstanding court fees. Buchanan testified at the hearing, noting that she did the best she could to communicate with her ISO under the circumstances. She explained that she had saved enough money to move back to Atchison County, and she intended to stay and complete the necessary probation conditions. Buchanan also presented testimony from her current employer and her boyfriend; both indicated that Buchanan had turned a corner and was doing well with work and finances.

After considering the evidence presented, the district court found that Buchanan had violated the terms of her probation. The State renewed its revocation request, asserting that Buchanan had not demonstrated she was "amenable to probation." The

3

district court agreed, finding that the court had given Buchanan "two chances prior"—the 3-day sanction and the 60-day sanction. Based on this assessment, the court revoked Buchanan's probation and ordered her to serve her controlling 21-month sentence.

## DISCUSSION

On appeal, Buchanan argues that the district court erred in imposing her underlying sentence and not reinstating probation, pointing to her recent probation compliance and the improvements she had made in her personal life and at work. After reviewing the record, we agree that the district court erred when it revoked her probation, but for a more fundamental reason: The court failed to follow Kansas' mandatory statutory framework governing probation violations.

If an appellant admits to a probation violation, the decision whether to revoke probation "rests within the sound discretion of the district court." *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). The degree of discretion a district court may exercise, however, varies based on the contours of the question before it. For example, a district court does not have discretion to commit an error of law or disregard statutory limitations or legal standards. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015); *State v. Ardry*, 295 Kan. 733, 736, 286 P.3d 207 (2012). In particular, the Kansas Legislature may define the contours of the court's discretion through statute.

Historically, Kansas district courts exercised broad discretion in determining the appropriate action when faced with a probation violation. See *State v. Clapp*, 308 Kan. 976, 990, 425 P.3d 605 (2018). But in 2013, the Kansas Legislature amended the statute governing probation revocation to limit the court's previous latitude. 308 Kan. at 982-84. The framework in place at the time of Buchanan's conviction is found in K.S.A. 2017 Supp. 22-3716(c)(1)(B) through (E). These statutory sections were discussed by our Supreme Court at length in *Clapp*, 308 Kan. at 982-85, and establish a series of graduated

4

sanctions—ranging from modifying probation conditions to intermediate sanctions of 120 to 180 days in prison—that a district court must consider before revoking probation outright. *Clapp* opined that "[p]ermitting the district court to skip steps in the graduated intermediate sanctions scheme would defeat the purpose of the legislation." 308 Kan. at 986.

The statutory framework permits a district court judge to bypass these sanctions and impose the underlying sentence in limited situations. 308 Kan. at 978. The court may bypass the graduated sanctions if the offender commits a new felony or misdemeanor, absconds from supervision, or if the original grant of probation was the result of a dispositional departure. K.S.A. 2017 Supp. 22-3716(c)(8)(A), (c)(8)(B), and (c)(9)(B). No one alleges—and the district court did not find—that any of these provisions are applicable to Buchanan's case.

The district court may also revoke an offender's probation if "[t]he court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2017 Supp. 22-3716(c)(9)(A). A court's particularized findings under this section must explicitly state why the public's safety would be jeopardized or how the offender's welfare would not be served *by the intermediate sanction*—not by probation generally. See *State v. Duran*, 56 Kan. App. 2d 1268, 1274-76, 445 P.3d 761 (2019), *rev. denied* 312 Kan. 895 (2020); *McFeeters*, 52 Kan. App. 2d at 49. Findings are sufficiently particularized when they are "'distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018) (quoting *State v. Miller*, 32 Kan. App. 2d 1099, 1102, 95 P.3d 127 [2004]).

The district court never imposed an intermediate sanction for Buchanan's probation violations. Nor did it make any particularized findings regarding the impact of

5

a 120- or 180-day sanction on Buchanan or the public. Instead, the court's remarks focused exclusively on Buchanan's past violations and her general amenability to probation, a factor not included in K.S.A. 2017 Supp. 22-3716(c)(9)(A). See *McFeeters*, 52 Kan. App. 2d at 49 (remarks relating to the violator's amenability to probation do not explain *how* the public would be jeopardized or *how* the violator's welfare would not be served by imposing intermediate sanctions).

We understand the district court's frustration with Buchanan's repeated violations of her probation conditions. But merely reciting a person's history of probational noncompliance—as the district court did here—does not comply with K.S.A. 2017 Supp. 22-3716(c)(9)(A). See *Clapp*, 308 Kan. at 988-90; *Duran*, 56 Kan. App. 2d at 1274-77. Instead, the district court was required to analyze the impact of the presumptive intermediate sanction, not probation generally, on public safety or Buchanan's welfare. It did not do so.

The district court's discretion in considering the State's probation revocation in this case was controlled by the language of K.S.A. 2017 Supp. 22-3716. Failing to make particularized findings as to the effect of the applicable intermediate sanctions constitutes an abuse of that discretion requiring reversal. *Clapp*, 308 Kan. at 991; *Duran*, 56 Kan. App. 2d at 1276-77. We therefore reverse the district court's revocation of Buchanan's probation and remand for a new dispositional hearing in compliance with K.S.A. 2017 Supp. 22-3716(c).

Reversed and remanded with directions.