NOT DESIGNATED FOR PUBLICATION

No. 123,832

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JESSIE A. ACOSTA,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed January 7, 2022. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN and ISHERWOOD, JJ.

PER CURIAM: Jesse A. Acosta pleaded guilty to two counts of contributing to a child's misconduct. He was granted a dispositional departure and ordered to complete 24 months of probation. Acosta's probation was revoked at his second revocation hearing, and he was ordered to serve his underlying prison sentence. At the time, Acosta had only completed a two-day quick dip in county jail. On appeal, Acosta argues the district court abused its discretion when it imposed his original sentence without first ordering him to complete another graduated sanction. Acosta relies on language used by the district court before it imposed the original sentence, when it said, "[W]e have tried everything," as

1

support for his contention that the district court committed an error of fact because it had not, in fact, tried everything as sanctions remained available under K.S.A. 2015 Supp. 22-3716. As a result, he claims the district court erred when it imposed his original sentence based on the factual mistake that it was out of options. After reviewing the issue presented, we find that the district court did not commit a factual error as its comment referenced the fact it had placed Acosta with every available community corrections program and therefore had no further options in that regard. Thus, the district court did not abuse its discretion and its decision to impose Acosta's underlying sentence is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Jesse A. Acosta with one count of aggravated battery, a crime that occurred July 6, 2015. Acosta later pleaded guilty to two amended charges of contributing to a child's misconduct and, prior to sentencing, filed a motion in support of a dispositional departure. In March 2017, the district court granted Acosta's request and ordered him to complete 24 months of probation with an underlying prison term of 41 months.

Eight months later, the State moved to revoke Acosta's probation and alleged that he failed to report as directed, failed to submit to random drug tests, and failed to pay court costs. The motion also noted that Acosta's whereabouts were unknown, and a bench warrant was issued for his arrest. Approximately one year later, the State filed an addendum to its motion and noted that shortly after its original revocation motion was filed, Acosta acquired new convictions for fleeing and eluding, aggravated battery, possession of stolen property, and forgery in Wabaunsee and Riley Counties.

The district court held a probation revocation hearing and Acosta stipulated to the violations. The court extended his probation for 12 months and ordered him to complete

2

inpatient treatment. Around a year later, for reasons that are unclear from either the record or the briefs of the parties, Acosta waived his right to yet another revocation hearing and his probation was extended by another 12 months.

A mere two months later, Acosta was again before the court to answer for allegations that he violated his probation through multiple failed and missed UAs, as well as his failure to report as directed on two separate occasions. Acosta stipulated to the violations and agreed to complete a two-day quick-dip jail sanction.

Within nine months, the State filed yet another motion to revoke Acosta's probation. It alleged that Acosta again failed to report for scheduled office visits, failed to submit to UAs, failed two UAs, failed to successfully participate in substance abuse treatment, failed to make consistent payments towards his court costs, and neglected to provide proof of employment as required under the terms and conditions of his probation. The State also outlined four unsuccessful attempts to contact Acosta.

In February 2021, the district court held a hearing on the motion and Acosta stipulated to each violation alleged. The State recommended revocation of Acosta's probation because he received a dispositional departure at the initial sentencing, had at least one previous revocation hearing, voluntarily extended his probation in another instance, and yet continued to violate the terms of his probation. Acosta informed the court that he was an addict and requested another chance to attempt to complete an inpatient substance abuse treatment program rather than serve his prison term.

The district court expressed sympathy over Acosta's drug addiction and noted that he was granted the grace of probation, yet his previous attempts at treatment and other community corrections programs were unsuccessful because he failed to participate. The court determined that it had afforded Acosta an opportunity with every available program

and voiced concern that his drug addiction endangered the public. Thus, the court revoked Acosta's probation and ordered him to serve his original sentence.

Acosta timely appeals.

ANALYSIS

DID THE DISTRICT COURT ABUSE ITS DISCRETION IN REVOKING ACOSTA'S PROBATION?

On appeal, Acosta argues the district court abused its discretion when it revoked his probation and imposed his underlying sentence because the foundation for its decision was factually flawed.

A district court's decision in a probation revocation hearing first involves a factual determination of whether the probationer has violated a condition of the probation, which is then followed by a discretionary determination of whether the established violation warrants revoking probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Acosta admitted violating his probation and, on appeal, only challenges the court's decision to impose his underlying prison sentence as a result of these violations. Appellate courts review a district court's decision to revoke probation under an abuse of discretion standard. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). "An abuse of discretion occurs if: (1) no reasonable person would take the view adopted by the district court; (2) the decision is based on an error of law; or (3) the decision is based on an error of fact." *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). An error of fact exists when a factual finding is not supported by substantial competent evidence. *State v. Ward*, 292 Kan. 541, 570, 256 P.3d 801 (2011). Substantial competent evidence is relevant and legal evidence that a reasonable person would "'accept as being sufficient to support a conclusion.'" *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019). As the

4

party alleging an abuse of discretion, Acosta bears the burden of proof on appeal. See *Ballou*, 310 Kan. at 615.

Acosta contends the district court abused its discretion when it imposed his underlying prison sentence following revocation of his probation. He specifically argues that an error of fact occurred when the court remarked that "we have tried everything" because until then Acosta had only served a two-day quick dip sanction. Thus, other sanction options remained available to the court.

Acosta and the State agree, albeit for different reasons, that additional sanctions were available before imposition of his sentence. For his part, Acosta asserts that a 60-day sanction under K.S.A. 2019 Supp. 22-2716(c)(9) and another 2- or 3-day sanction under K.S.A. 2019 Supp. 22-2716(c)(1)(B) were potential dispositions. As the State notes, Acosta's argument seems to be that the district court *could* have simply given him a lesser sanction.

The foundation for Acosta's argument is the district court's remark at the revocation hearing that "we have tried everything." He interprets this to mean, and attempts to persuade us of the same, that the court erroneously believed it had no other option and so the imposition of his underlying sentence stemmed from the court's factual error.

To support his argument, Acosta directs this panel to *State v. Ardry*, 295 Kan. 733, 286 P.3d 207 (2012). Ardry pleaded guilty to aggravated indecent liberties with a child. He was granted a downward dispositional departure and ordered to serve probation. He later violated his probation and, at the revocation hearing, asked the district court to reinstate his probation and order him to attend a residential treatment program or, alternatively, order him to serve a modified prison term of 102 months, rather than his original sentence of 216 months. After learning that a treatment program would not

5

accept Ardry, the district court imposed his original sentence. A panel of this court affirmed. 295 Kan. at 735.

The Kansas Supreme Court granted review and noted "Ardry argues that the district court abused its discretion at the probation revocation hearing by imposing the original sentence because the court misunderstood the law and so did not properly consider the statutory limitations or legal standards for imposing a lesser sentence." 295 Kan. at 735. It noted that "the district court misstated the statutory requirements for imposing a lesser sentence in a revocation proceeding." 295 Kan. at 735. During sentencing, the district court had erroneously determined that before it could order a reduced sentence, K.S.A. 22-3716 required that it find substantial and compelling reasons to do so. Additionally, the reasons it relied on must be distinctly different than those factors cited in support of its earlier dispositional departure. Our Supreme Court found that the district court's misinterpretation of the statute constituted an error of law that demanded Ardry's case be reversed and remanded for resentencing. 295 Kan. at 736-37.

Acosta relies on *Ardry* because the district court there likewise felt as though it had no option but to impose Ardry's original sentence. But that reliance is misplaced. In *Ardry*, the district court made an error of law through its flawed interpretation of the sentencing statute which led to the erroneous incorporation of an additional test into the probation revocation statute. Acosta argues the district court had a factual misunderstanding about its available options.

He contends his claim "also falls under an interpretation of [statute], for which review is unlimited," but cites no authority for the proposition that a mistake of fact regarding sentencing options is reviewed de novo. Though on the surface the reasoning of *Ardry* appears somewhat analogous, the questions raised are different and require distinct analyses. We are not persuaded that *Ardry* is applicable or favorable to Acosta's case.

6

The State counters that when the district court's statement is reunited with its context, the phrase was simply the court's observation that Acosta had received all options available to him in terms of programs offered through community corrections. Thus, in truth, it was not commenting on the general availability of additional sanctions under K.S.A. 22-3716(c).

Reviewing courts generally presume that district court judges know the law. See *Chance v. State*, 195 Kan. 711, 715, 408 P.2d 677 (1965) ("Since district judges, like other citizens, are presumed to know the law, it is presumed that such a jurisdictional finding was in fact made by the District Court of Labette County."). Reviewing courts also read district court statements in context. *State v. Robinson*, 293 Kan. 1002, 1033, 270 P.3d 1183 (2012) (reading a district court judge's comment in context).

We have no difficulty concluding that, taken in context, the challenged phrase referenced community corrections programs. Again, the court's statement as a whole reads as follows:

"THE COURT:  All right. Thank you. You can have a seat. All right. Well, Mr. Acosta, I have no doubt that you suffer from a serious drug addiction problem. I—there's no doubt. I feel sorry for you for having that addiction, but the problem is is you've been given numerous opportunities to get help and you either walk away or you just choose not to participate. And it puts me in a situation where you're just a danger to the community when you—when people have drug problems, they become a danger not because you're a bad person or because you want to be a danger, but because when you're high, you do things that maybe you normally wouldn't do in your right mind.

"*So because we have tried everything*—the only thing that would save you in this case would be Drug Court and it looks like that was already looked at and that's not an option as it was—you were not accepted by the program. You were a dispositional departure, which means based on your criminal history and based on the charges, you were supposed to go to prison the very first time. Judge Burdette went out on a limb and

7

gave you a chance. I've given you a few chances now and I think that at this point, it's unlikely that you will get the help you need.

"So, for these reasons, your probation is revoked and you're ordered to serve the original sentence." (Emphasis added.)

Two specific lines used by the district court support our conclusion for a contextual reading. First, the court stated, "[B]ut the problem is is you've been given numerous opportunities to get help and you either walk away or you just choose not to participate." This comment arguably referenced Acosta's multiple probation violations for failing to report to his probation officer as directed and his unsuccessful discharge from substance abuse treatment. Additionally, at the time the State's motions to revoke Acosta's probation were filed, his whereabouts were unknown and there was a concern that he absconded. Thus, on more than one occasion he actively pursued a course of refusing to avail himself of the rehabilitative measures offered through probation.

The court also stated, "So because we have tried everything—the only thing that would save you in this case would be Drug Court and it looks like that was already looked at and that's not an option as it was—you were not accepted by the program." The judge uttered this comment shortly after referencing the opportunities given to Acosta. Thus, the complained-of remark is perhaps related to further community corrections efforts. Though the district court repeatedly commented on Acosta's failures to comply with community corrections mandates, it did not reference the two-day quick dip or any other part of K.S.A. 22-3716.

The State correctly notes that viewing the probation revocation hearing transcript with a wider lens lends credibility to its argument. After Acosta stipulated to the alleged probation violations, the district court opened the floor for arguments on the appropriate disposition. The State requested imposition of Acosta's original prison sentence and Acosta pleaded for another shot at inpatient treatment after expressing regret over his failed attempts at probation. The district court acknowledged that Acosta likely suffered

8

from addiction but noted that he had "been given numerous opportunities to get help and you either walk away or you just choose not to participate." The paragraph that follows contains the phrase Acosta argues is an error of fact. When read in the broader context of the exchange between the court, the State, and Acosta, however, the district court's comment follows Acosta's request to be placed back on probation and into treatment. The district court noted that Acosta had failed previously, and the only other community corrections option, drug court, was unavailable.

A fair reading of the record enables us to conclude that when the court's assertion that "we have tried everything" is properly contextualized, it is related to Acosta's community corrections and treatment history. Thus, the district court did not commit a factual error because its finding substantial competent evidence provides the necessary foundation. That is, there is relevant and legal evidence which a reasonable person would accept as sufficient to establish that Acosta had multiple opportunities on community corrections but failed to dedicate himself to its successful completion. As a result, the district court did not abuse its discretion and its decision is affirmed.

Affirmed.